UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. ORDER

Philip Morris, Inc.; R.J. Reynolds Tobacco Co.; Brown and Williamson Tobacco Corp.; B.A.T. Industries, P.L.C.; British-American Tobacco Co. Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co.; Liggett Group, Inc.; The Council for Tobacco Research - U.S.A., Inc.; and The Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of January, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Application to Proceed in forma pauperis. For these purposes, the Plaintiff appears pro se and, because process has yet to be served, no appearance has been made by, or on behalf of, the Defendants.

(6)

FILED ____ 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

The Plaintiff, a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota, commenced this action by filing a complaint in this District on December 17, 2001. He is seeking relief under Title 28 U.S.C. §§1331 and 1332, as he contends that the Defendants have caused him personal injury through their development, marketing, and sale of tobacco products. He has also filed the current Application to proceed in forma pauperis.

As the Plaintiff has submitted his initial partial filing fee of $10.88, in accordance with our Order date December 27, 2001, his Application to proceed in forma pauperis is granted, which means that he will be excused from pre-paying the full filing fee for this action. However, the Plaintiff will be required to pay the unpaid balance of the filing fee in installments pursuant to Title 28 U.S.C. §1915(b)(2). See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where the Plaintiff is confined.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Application to Proceed Without Prepayment of Fees [Docket No. 2] is GRANTED.

2. That the Clerk of Court shall issue a Summons and the United States Marshal shall serve a copy of the Complaint and Summons upon the Defendants as directed by the Plaintiff, and that all costs of service shall be advanced by the United States.

3. That the Plaintiff shall pay the unpaid balance of the filing fee for this action in the manner prescribed by Title 28 U.S.C. §1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE