UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. ORDER

Philip Morris, Inc.; R.J. Reynolds Tobacco Co.; Brown and Williamson Tobacco Corp.; B.A.T. Industries, P.L.C.; British-American Tobacco Co. Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co.; Liggett Group, Inc.; The Council for Tobacco Research - U.S.A., Inc.; and The Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 15th day of July, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), and upon routine supervision of cases filed in this Division.

The Plaintiff, who is a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota, commenced this action by filing a Complaint in this District on December 17, 2001, seeking relief under Title 28 U.S.C. §§1331 and 1332, as he contends that the

(27)

FILED JUL 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants have caused him personal injury through their development, marketing, and sale of tobacco products. In addition, the Plaintiff filed an Application to proceed in forma pauperis, which was granted on December 27, 2001, and we directed the service of the Summons and Complaint by the United States Marshals Service. Thereafter, the Summons and Complaint was served upon, and acknowledged by Defendant Philip Morris, Inc. ("Philip Morris"), the Defendant R.J. Reynolds Tobacco Company ("R.J. Reynolds"), the Defendant Brown and Williamson Tobacco Corporation ("Brown"), and the Defendant Liggett Group, Inc. ("Liggett"). Those Defendants filed a Joint Motion to Dismiss on April 1, 2002,[1] and the Plaintiff responded to that Motion on April 25, 2002. See, Dockets No. 10 and 18. The Defendants then filed a Reply Memorandum on May 8, 2002, and, as the Motion became ready for decision, and we deemed oral argument unnecessary, we took that Motion under advisement.

The United States Marshals did attempt to serve the Summons and Complaint upon the Defendant Council for Tobacco Research ("Tobacco Council"), the Defendant Tobacco Institute, Inc. ("Tobacco Institute"), and the Defendant Lorillard Tobacco Company ("Lorillard"), but each attempt was unsuccessful, as the Plaintiff had provided incorrect addresses for each of those Defendants. See,

[1]Philip Morris also filed a Motion for a coordinated briefing schedule which was denied as moot in our June 3, 2002 Order.

Docket No. 22. As more than one hundred and twenty (120) days had passed, and those Defendants had not been served with the Complaint and Summons as required by Rule 4(m), Federal Rules of Civil Procedure, we directed the Plaintiff to show cause, in writing, within twenty (20) days of the date of that Order, for an extension of time in which service could be effectuated upon the Tobacco Council, the Tobacco Institute, and Lorillard. We advised the Plaintiff that, in the absence of good cause shown, the Court would recommend that his action be dismissed, as it relates to those Defendants, for failure to effect proper service and for failure of prosecution.[2]

By a submission dated July 1, 2002, the Plaintiff asserts that he is still attempting to effect service upon Lorillard, and has, in that effort, written "to Timothy H. Baland, the State Prison System Law Librarian, in an effort to obtain [Lorillard's] current address." Plaintiff's Written Reply to Magistrate Judge's Order to

---

[2]As to the remaining Defendants, upon whom service of the Summons and Complaint had not yet been effected, B.A.T. Industries, P.L.C.; the British-American Tobacco Company Limited, and the B.A.T. (U.K. Exports) Limited, we advised the Plaintiff that, as those are, apparently, foreign entities, the time limitation for service of process, which is imposed by Rule 4(m), was not applicable, and we directed the Plaintiff to keep us informed about his efforts at serving process upon those Defendants. We understand from the Plaintiff's Reply that he is still attempting to effectuate service on those entities, and we continue our directive that the Plaintiff inform us of his efforts at service.

Show Good Cause/Plaintiff's Request for Appointment of Legal Counsel to Effectuate the Service of Process upon the Remaining Defendants Yet to be Served in the Instant Case ("Plaintiff's Reply"), at 2. As to the remaining unserved Defendants, who are located in the United States -- that is, the Tobacco Council and the Tobacco Institute -- the Plaintiff states that he has come to believe that those organizations are now "defunct." Id. The Plaintiff asserts that, when he acquires the proper address for Lorillard, he will notify the United States Marshals in order that they may effect proper service of process.

In addition, in his Reply, the Plaintiff moves the Court for the appointment of counsel, arguing that appointed counsel "would be better equipped and [would] have better resources to allow coun-[sel] to effectuate the completion of proper service of process upon the remaining Defendant's in this case." Id. at 2-3. The Plaintiff complains that, despite writing and telephoning the Office of Foreign Litigation at the Department of Justice, he has been unsuccessful in determining how service can be perfected on the foreign parties that he has named in his suit. He suggests that appointed counsel would be easily able to complete service on the foreign Defendants, and "would also be able to confirm whether or not the Defendants, the Tobacco Council and the Tobacco Institute, are still in exist[e]nce." Id. at 3. The Plaintiff com-

plains that he is "handicaped" by both his incarceration, and his health, and he likens himself to a pro se David battling against Big Tobacco's Goliath, but without the benefit of a slingshot.

It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the [plaintiff] and the court will substantially benefit from the appointment of counsel * * *.").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri

Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

After reviewing these factors, we find the issues raised by the Plaintiff's Complaint to be uncomplicated. While we are sympathetic to the difficulties faced by the Plaintiff in effecting service upon foreign corporations, and recognize that, undoubtedly, the Petitioner's lack of legal knowledge, and the fact of his incarceration have presented some disadvantages, in terms of the requisite time and effort that must be expended to effect service, we are satisfied that he possesses the capacity to comply with the requisites for service. We seriously doubt that the current address for the unserved domestic corporations, or entities, is unknown to the Minnesota Secretary of State, and we are aware of no need for complementary legal counsel in order to locate addresses at which process may be served. Accordingly, at this time, we deny the Petitioner's Motion for an Appointment of Counsel, without prejudice to its renewal upon the requisite showing.

Since the Plaintiff has made the requisite showing demanded by our Order of June 3, 2002, as to his inability to effect service upon Lorillard, the Tobacco Council, and the Tobacco Institute, we will extend to the Plaintiff one additional extension of time in which he may serve those Defendants.

THEREFORE, It is --

ORDERED:

1. That the Plaintiff shall effect service on the Tobacco Council, the Tobacco Institute, and Lorillard, within thirty (30) days of the date of this Order, and that, in the absence of his compliance with this Order, the Court shall recommend that his action be dismissed, as it relates to those Defendants, for failure to effect proper service, and for failure of prosecution.

2. That the Plaintiff's Informal Motion for Appointment of Counsel, [Docket No. 26] is DENIED, but without prejudice.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE