UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Philip Morris, Inc.; R.J. Reynolds Tobacco Co.; Brown and Williamson Tobacco Corp.; B.A.T. Industries, P.L.C.; British-American Tobacco Co. Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co.; Liggett Group, Inc.; The Council for Tobacco Research - U.S.A., Inc.; and The Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of September, 2002.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon our routine supervision of cases filed in this Division.

The Plaintiff, who is a prisoner at the Minnesota Correctional Facility in Moose Lake, Minnesota, commenced this action by filing his Complaint on December 17, 2001, in which he claims that the

33

FILED SEP 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants have caused him personal injury by their development, marketing, and sale, of tobacco products. In addition, the Plaintiff filed an Application to proceed in forma pauperis, which was granted on December 27, 2001, and we directed the service of his Summons and Complaint, by the United States Marshals Service. Thereafter, the Summons and Complaint were served upon, and acknowledged by, the Defendants Philip Morris, Inc. ("Philip Morris"), R.J. Reynolds Tobacco Company ("R.J. Reynolds"), Brown and Williamson Tobacco Corporation ("Brown"), and the Liggett Group, Inc. ("Liggett"). These Defendants have filed a Joint Motion to Dismiss, which has been fully briefed, and which we have previously taken under advisement, deeming oral argument unnecessary.

The United States Marshals did attempt to serve the Summons and Complaint upon the Defendants Council for Tobacco Research ("Tobacco Council"), Tobacco Institute, Inc. ("Tobacco Institute"), and Lorillard Tobacco Company ("Lorillard"), but each attempt has been unsuccessful, as the Plaintiff has provided incorrect addresses for each of these Defendants. See, Docket No. 22. Since more than one hundred and twenty (120) days had expired, after the filing of the Plaintiff's Complaint, we issued an Order on June 3, 2002 -- consistent with the provisions of Rule 4(m), Federal Rules of Civil Procedure -- which the Plaintiff to show cause, in writing, within twenty (20) days of the date of that Order, for an

extension of time in which service could be effectuated upon the Tobacco Council, the Tobacco Institute, and Lorillard. We forewarned the Plaintiff that, in the absence of good cause shown, the Court would recommend that his action be dismissed, as it relates to those three Defendants, for failure to effect proper service of process.[1]

By a submission dated July 1, 2002, the Plaintiff has advised that he was still attempting to effect service upon Lorillard, but that, as to the Tobacco Council and the Tobacco Institute, he had come to believe that those organizations were no longer in existence. Finding that the Plaintiff had made the requisite showing of cause, concerning his inability to effect service upon Lorillard, the Tobacco Council, and the Tobacco Institute, we granted him an additional extension of thirty (30) days in which to effect service upon those Defendants.

Those thirty days have passed, and the Plaintiff has not presented us with any showing that he has effected service on the

---

[1]As to the remaining Defendants, upon whom service of the Summons and Complaint had been effected -- namely, B.A.T. Industries, P.L.C., the British-American Tobacco Company Limited, and the B.A.T. (U.K. Exports) Limited -- we advised the Plaintiff that, since those Defendants appear to be foreign entities, the time limitation for service of process, as imposed by Rule 4(m), was not applicable, and we directed the Plaintiff to keep us informed about his efforts at serving process upon those Defendants. We continue that directive.

Tobacco Institute, or the Tobacco Council, or that he has attempted to do so. Nor has the Plaintiff provided the Court with any information that, contrary to his prior belief, those entities still exist. Accordingly, we recommend that these Defendants be dismissed from this action, for failure to effect service of process.

As to Lorillard, it appears that the Plaintiff has attempted to effect service upon that Defendant, as we have received a Motion to Dismiss from Lorillard, in which it urges that it should be dismissed pursuant to Rule 12(b)(5), Federal Rule of Civil Procedure, for failure to effect proper service of process.[2] Accordingly, as there remains a question as to whether Lorillard has, in fact, been served, we do not now recommend the dismissal of that Defendant and, instead, will await the full briefing of the parties as to that Motion.

NOW, THEREFORE, It is --

---

[2]Alternately, Lorillard argues that if serve was properly effected, that the Plaintiff's Complaint should nevertheless be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim, for those reasons advanced in the Joint Memorandum of Law in Support of Defendants' Motion to Dismiss, filed by the other Defendants who have appeared in this action.

RECOMMENDED:

That the Defendants Council for Tobacco Research - U.S.A., Inc., and The Tobacco Institute, Inc., be dismissed for failure to effect service of process.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 7, 2002**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 7, 2002**, unless all interested parties stipulate

that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.