UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. ORDER

Philip Morris, Inc.; R.J. Reynolds Tobacco Co.; Brown and Williamson Tobacco Corp.; B.A.T. Industries, P.L.C.; British-American Tobacco Co. Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co.; Liggett Group, Inc.; The Council for Tobacco Research - U.S.A., Inc.; and The Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336(DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 13th day of May, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motions for an Extension of Time in which to file an Amended Complaint, for Appointment of Counsel, to Stay, and for Alternative Dispute Resolution. The Plaintiff appears pro se, and

MAY 13 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

in forma pauperis; and the Defendants appear by Edward B. Magarian, Esq.[1] For reasons which follow, we deny the Plaintiff's Motions.

## II. Factual and Procedural History

The Plaintiff, Joseph Edwin Harju, is currently an inmate at the Minnesota State Correctional Facility in Moose Lake, Minnesota. In his Complaint, the Plaintiff asserts claims against the manufacturers of certain tobacco products, as follows: Count One, Undertaking of Special Duty; Count Two, for Consumer Fraud; Count Three, for Unlawful Trade Practices; Count Four, for Deceptive Trade Practices; Count Five, for False Advertising; Count Six, for Restitution; and Count Seven, for Restitution Unjust Enrichment. The Plaintiff also alleges a Conspiracy claim. In a Report dated February 12, 2003, we recommended that the Plaintiff's Deceptive Trade Practices Claim, and the Plaintiff's equitable claims, be dismissed for failure to state a claim. We also recommended that the Plaintiff's claims of fraud be dismissed for failure to plead fraud with particularity, however, we allowed the Plaintiff thirty (30) days in which to file an Amended Complaint to properly particularized his allegations that an actionable fraud occurred.

---

[1]A joint response was submitted on behalf of the Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Brown and Williamson Tobacco Company, and Lorillard Tobacco Company. No other responses to this Motion were filed.

III. Discussion

Following the issuance of our Report, the Plaintiff requested additional time in which to file his Amended Complaint, requested the appointment of legal counsel to represent him, or alternatively, he requests a stay of these proceedings until such time as he is released from custody. In addition, the Plaintiff has requested that the Court authorize the use of Alternative Dispute Resolution in this action. We address each Motion in turn, commencing with the Plaintiff's Motion for an extension of time.

A. The Plaintiff's Motion to Extend the Time in which to File an Amended Complaint.

Having recommended that the Plaintiff's fraud Count be dismissed for failing to plead the alleged fraudulent acts with sufficient particularity, we afforded the Plaintiff thirty (30) days in which to serve and file an Amended Complaint. The Plaintiff seeks an additional one hundred and fifty (150) days in which to amend his fraud Count.

At the outset, we note that the thirty day period, which we prescribed, has yet to begin, as the District Court has not yet adopted, nor rejected, our Report and Recommendation. Moreover, we find no cause to extend the time for the filing of an Amended Complaint, and the Plaintiff has failed to identify any such cause. In fact, ninety (90) days have expired since the issuance of our

Report and Recommendation and, under our Recommendation, the Plaintiff would be afforded an additional thirty (30) days to serve and file his Amended Complaint, if our Recommendation is adopted. Therefore, finding no cause to alter our prior Recommendation, we deny the Plaintiff's request for an extension of time.

B. The Plaintiff's Motion for the Appointment of Counsel.

The Plaintiff seeks appointment of counsel, arguing that his health is failing; that both he, and the Court, would benefit from his representation by counsel; that this case is both legally, and factually, complex; that he is unable to present his claims, conduct discovery, or prepare for Trial; and that he lacks access to an adequate law library, and other legal resources.

1. Standard of Review. It is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir.

1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel * * *.").

In exercising its discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

2. Legal Analysis. After reviewing these factors, we find the issues to be relatively uncomplicated in both their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiff's lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of his claim, however, upon our review of the submissions which he has submitted to the Court thus far, we are satisfied that he possesses the capacity to develop and arti-

culate the grievances which are presented by his Complaint. Accordingly, we deny the Plaintiff's Motion for an appointment of counsel but, upon a proper showing, the Plaintiff may subsequently renew the Motion should the circumstances so warrant.

C. <u>The Plaintiff's Motion to Stay the Proceedings</u>.

The Plaintiff seeks an Order staying the proceedings for eighteen months, and asserts that his scheduled supervised release date is March 22, 2004. According to the Plaintiff, upon his release, he will be better positioned to pursue his claims against the Defendants. The Defendants are in agreement as to the substance of the Plaintiff's Motion, but not as to its form. Instead, while the Defendants agree that a stay is appropriate, the Defendants submit that the better course would be for the Court to dismiss this case without prejudice, subject to an agreement of the parties to toll the applicable statutes of limitations. We decline the Defendants' invitation to dismiss this action, and we also deny the Plaintiff's Motion for a Stay, as the Plaintiff has hitherto, while in custody, effectively pursued the claims he has asserted against the Defendants. Of course, the Plaintiff remains free to enter into a tolling agreement with the Defendants, on his own accord, and to voluntarily dismiss his claims against the Defendants. Indeed, in no small part, the Plaintiff's Motion has been

mooted by his presumed release from imprisonment on March 22, 2004 -- nearly two months ago.

D. <u>The Plaintiff's Motion for the Court to Authorize Alternative Dispute Resolution</u>.

The Plaintiff filed a Motion for Alternative Dispute Resolution, pursuant to Local Rule 16.5(a)(1), which provides that "the Court hereby authorizes the use of alternative dispute resolution processes in all civil actions." <u>D. Minn. LR 16.5(a)(1)</u>. The Defendants oppose this Motion, asserting that, at this stage of the litigation, any alternative dispute resolution process would be premature. We agree.

The Plaintiff has not yet served the foreign Defendants and, therefore, those Defendants have not filed responsive pleadings. Consequently, no Pretrial Order has been issued in this matter, and formal discovery has yet to commence. Local Rule 16.5(a)(2) provides:

> Within 45 days prior to trial, each civil case not exempted by LR 26.1(b)(1) through (3) shall be set for a Mediated Settlement Conference before a Magistrate Judge.

LR 16.5(a)(2).

While we would be pleased to conduct an early Settlement Conference, if that were the request of all the parties, here there is no unanimity, and the Trial date has not been established. Thus, we also deny the Plaintiff's Motion for the invocation of an

Alternative Dispute Resolution process. Of course, the parties are free to talk settlement, or to engage private mediators, but the scarce resources of the Court should be reserved to the amicable resolution of disputes, on an early basis, where the parties believe that there is a reasonable likelihood that the case will settle. Plainly, this is not such a case.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Extend the Time in which to File an Amended Complaint [Docket No. 43-1] is DENIED.

2. That the Plaintiff's Motion for the Appointment of Counsel [Docket No. 43-2] is DENIED.

3. That the Plaintiff's Motion for a Stay [Docket No. 43-3] is DENIED.

4. That the Plaintiff's Motion for Alternative Dispute Resolution [Docket No. 43-4] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE