**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph Edwin Harju,

Plaintiff,

v.

Philip Morris, Inc., being sued as Philip Morris Incorporated; R.J. Reynolds Tobacco, being sued as R.J. Reynolds Tobacco Company; Brown and Williamson Tobacco Corporation; B.A.T. Industries, P.L.C.; British-American Tobacco Company Limited; B.A.T. (U.K. and Exports); Lorillard Tobacco Co.; Liggett Group, Inc.; Council for Tobacco Research–U.S.A., Inc., being sued as The Council for Tobacco Research-U.S.A., Inc.; The Tobacco Institute, Inc.,

Defendants.

Civil No. 01-2336 (DWF/RLE)

**ORDER**

---

Joseph E. Harju, *Pro Se*, #205468, MN Correctional Facility, 1000 Lakeshore Drive, Moose Lake, Minnesota 55767.

Edward B. Magarian, Esq., and Randall R. Frykberg, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, Minnesota 55402-1498, counsel for Defendant Philip Morris, Inc.; James S. Simonson, Esq., Gray Plant Mooty Mooty & Bennett, 3400 City Center, 33 South Sixth Street, Minneapolis, Minnesota 55402, counsel for Defendant R.J. Reynolds Tobacco Company; Jack M. Fribley, Esq., and Chad M. Oldfather, Esq., Faegre & Benson, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, Minnesota 55402-3901, counsel for Defendant Brown and Williamson Tobacco Corporation; Michael R. Docherty, Esq., Rider Bennett, 2000 Metro Center, 333 South Seventh Street, Minneapolis, Minnesota 55402, counsel for Defendant Lorillard Tobacco Company; Robert V. Atmore, Esq., and Reuben A. Mjaanes, Esq., Lindquist & Vennum, 4200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402, counsel for Defendant Liggett Group, Inc.

---

FILED SEP 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

This matter is before the Court upon Defendants' objections to Magistrate Judge Raymond E. Erickson's Report and Recommendation dated February 12, 2003, insofar as Magistrate Judge Erickson recommended that the Court deny Defendants' motion to dismiss Counts One and Eight of Plaintiff's Complaint, namely, Plaintiff's claims for breach of special duty of care and conspiracy. In addition, Defendant Lorillard Tobacco Company objects to Judge Erickson's Report and Recommendation insofar as it recommended that the Court deny Lorillard's motion to dismiss for insufficiency of service of process.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of Defendants' counsel and Plaintiff, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).

Based upon the Court's *de novo* review of the record, the Court's review of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Raymond L. Erickson dated February 12, 2003 (Doc. No. 37), as modified.

2. Defendant Lorillard Tobacco Company's Motion to Dismiss for Failure to Effect Service of Process (Doc. No. 28) is **GRANTED**. Plaintiff's claims against Defendant Lorillard Tobacco Company are **DISMISSED WITHOUT PREJUDICE**.

3. As to the remaining issues, Defendants' Motion to Dismiss (Doc. No. 10) is **GRANTED IN PART** and **DENIED IN PART**, consistent with the Report and Recommendation of Magistrate Judge Raymond L. Erickson dated February 12, 2003 (Doc. No. 37).

Dated: September 10, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Based upon its *de novo* review of the record, the Court adopts Magistrate Judge Erickson's Report and Recommendation dated February 12, 2003, as modified. Like the Magistrate Judge, the Court concludes that Plaintiff has adequately pleaded a viable special duty claim, and thus a viable conspiracy claim. However, the Court expresses no view as to whether Plaintiff can prevail at the summary judgment stage, where the Court will undertake a full evaluation of the facts supporting these claims. In addition, the Court notes that it takes no position with regard to Magistrate Judge Erickson's comments regarding counsel's candor to the tribunal (*see* Report and Recommendation at 25, n.5) because that matter has not been brought before the Court.

Finally, the Court grants Defendant Lorillard Tobacco Company's Motion to Dismiss for Failure to Effect Service of Process. It appears that, to date, Plaintiff has not properly served Defendant Lorillard Tobacco Company, nor has Plaintiff properly requested a waiver of service. This service problem occurred because Plaintiff did not provide the proper service address on the Marshals' service form. The Court will not allow deficient service to substitute as proper service merely because Plaintiff is an incarcerated *pro se* litigant and may have been confused by the

Marshals' service form. The Court notes that while this appears to be the just and fair result under the circumstances, the dismissal of these claims without prejudice will merely cause a delay of this litigation, because the Court assumes that Lorillard Tobacco Company will be properly served and brought back into the case in a timely manner.

D.W.F.