UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. ORDER

Philip Morris, Inc.; R.J. Reynolds Tobacco Co.; Brown and Williamson Tobacco Corp.; B.A.T. Industries, P.L.C.; British-American Tobacco Co. Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co.; Liggett Group, Inc.; The Council for Tobacco Research - U.S.A., Inc.; and The Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336(DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 26th day of November, 2003.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motions for an Extension of Time in which to file an Amended Complaint, for the Appointment of Counsel, and to Strike Claim for Punitive Damages. The Plaintiff appears pro se, and in

NOV 26 2003

(69)

JB

forma pauperis; and the Defendants appear by Edward B. Magarian, Esq. For reasons which follow, we deny the Plaintiff's Motions for an Extension of Time in which to file an Amended Complaint, and for the Appointment of Counsel, but we grant his Motion to Strike Claim for Punitive Damages.

## II. Factual and Procedural History

The Plaintiff is currently an inmate at the Minnesota State Correctional Facility in Moose Lake, Minnesota. In his Complaint, the Plaintiff asserts claims against the manufacturers of certain tobacco products, as follows: Count One, Undertaking of Special Duty; Count Two, for Consumer Fraud; Count Three, for Unlawful Trade Practices; Count Four, for Deceptive Trade Practices; Count Five, for False Advertising; Count Six, for Restitution; and Count Seven, for Restitution Unjust Enrichment. The Plaintiff also alleges a conspiracy claim. In a Report dated February 12, 2003, we recommended that the Plaintiff's Deceptive Trade Practices Claim, and his equitable claims, be dismissed for failure to state a claim. We also recommended that the Plaintiff's claims of fraud be dismissed for failure to plead fraud with particularity, however, we allowed the Plaintiff thirty (30) days in which to file an Amended Complaint to properly particularize his allegations that an actionable fraud occurred. By Order dated September 10, 2003,

the District Court, the Honorable Donovan W. Frank presiding, adopted our Report and Recommendation.

III. Discussion

Following the issuance of our Report, the Plaintiff requested additional time in which to file his Amended Complaint, and sought to strike his claim for punitive damages. We address each Motion in turn, commencing with the Plaintiff's Motion for an extension, and for the appointment of counsel.

A. The Plaintiff's Motion to Extend the Time in which to File an Amended Complaint, and for the Appointment of Counsel.

Having recommended that the Plaintiff's fraud Count be dismissed for failing to plead the alleged fraudulent acts with sufficient particularity, we afforded the Plaintiff thirty (30) days in which to serve and file an Amended Complaint. This is the second instance on which we have addressed a Motion to extend the time to file an Amended Complaint. In a Motion filed on March 13, 2003, the Plaintiff sought an additional one hundred and fifty (150) days in which to amend his fraud Count.

As we explained in our Order of May 13, 2003, the thirty day period, which we prescribed, had yet to begin, as the District Court had neither adopted, nor rejected, our Report and Recommendation. We further explained that we found no cause to extend the time for the filing of an Amended Complaint, and noted that the

Plaintiff failed to identify any such cause. Consequently, we denied the Plaintiff's request for an extension of time.

In this Motion, which was filed on October 27, 2003, the Plaintiff seeks to extend the time by which to file an Amended Complaint until either November 26, 2003, or March 22, 2004. Pursuant to our Report, the Plaintiff was provided thirty days to file an Amended Complaint after the District Court's disposition of our Report. As noted, on September 10, 2003, the District Court adopted our Report and Recommendation. Thus, in accordance with our Report, the Plaintiff had until October 10, 2003, in which to file an Amended Complaint which asserted his claims of fraud with the requisite particularity. As indicated by the Plaintiff's Motion to extend the time for filing an Amended Complaint, which he did not file until October 27, 2003, the Plaintiff failed to file an Amended Complaint within the time allowed by our Report.

Further, the Plaintiff has failed to set forth the requisite "good cause" to extend the time limitation. See, Rule 16, Federal Rules of Civil Procedure. In support of his Motion to extend, the Plaintiff renews the same arguments he advanced in his Motion of March 13, 2003, for the appointment of counsel, which we also addressed in our Order of May 13, 2003. Then, and now, the Plaintiff contends that the appointment of counsel is appropriate for the following reasons: his health is failing; that both he, and the

Court, would benefit from his representation by counsel; that this case is both legally, and factually, complex; and that he is unable to present his claims, conduct discovery, or prepare for Trial. As we expressed in our Order of May 13, 2003, we were satisfied that the Plaintiff possesses the capacity to develop and articulate the grievances which are presented by his Complaint. Accordingly, we denied the Plaintiff's Motion for the appointment of counsel.

In his current Motion to extend, the Plaintiff argues that his need for legal counsel justifies the extension of the time in which to file his Amended Complaint. For the same reasons we articulated in previously denying the Plaintiff's Motion for the appointment of counsel -- namely that the Plaintiff possesses the capacity to submit pleadings on his own behalf -- we find that there exists no "good cause" to extend the time by which the Plaintiff was to file an Amended Complaint. Therefore, the Plaintiff's Motion to extend is denied. In addition, indulgently interpreting his Motion to Extend to also be a renewal of his Motion for the appointment of counsel, that Motion is also denied for the reasons previously explained.

B. The Plaintiff's Motion to Strike Claim for Punitive Damages.

The Plaintiff seeks to strike his claim for punitive damages, but reserves his right to move to amend his initial

Complaint so as to assert a claim for punitive damages pursuant to Minnesota Statute §549.191. By letter dated November 6, 2003, the Defendants have indicated that they do not oppose this Motion. Without objection, we grant this Motion.

We remind the Plaintiff that, as discussed at the Pretrial Conference of October 20, 2003, the deadline by which to amend the pleadings was set as January 28, 2004. As we further explained, that deadline for the amendment of pleadings did not supersede our prior Orders denying extensions to amend the pleadings so as to plead a claim of fraud. The Plaintiff should fully understand, therefore, that any Motion to Amend the Complaint which filed, or served, after January 28, 2004, will be held to the "good cause" requirement of Rule 16, which would require, for example, the discovery of new evidence which, through the exercise of due diligence, would not have been available to the Plaintiff prior to that date. Without such a showing, a Motion to Amend will be denied as untimely.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Extend the Time in which to File an Amended Complaint [Docket No.64-1] is DENIED.

2. That the Plaintiff's Motion for the Appointment of Counsel [Docket No. 64-1] is DENIED.

3. That the Plaintiff's Motion to Strike Claim for Punitive Damages [Docket No. 67-1] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE