UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. ORDER

Philip Morris, Inc.; R.J. Reynolds Tobacco Co.; Brown and Williamson Tobacco Corp.; B.A.T. Industries, P.L.C.; British-American Tobacco Co. Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co.; Liggett Group, Inc.; The Council for Tobacco Research - U.S.A., Inc.; and The Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of April, 2004.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion to Amend the Complaint, as well as his Motion to Supplement the Plaintiff's First Amended Complaint.

On January 22, 2004, the Court heard argument on the Motions, at which time, the Plaintiff appeared pro se, and in forma pauperis; the Defendant Philip Morris, Inc., appeared by Edward B. Magarian, and David M. Eldred, Esqs.; the Defendant R.J. Reynolds Tobacco Co. appeared by James S. Simonson, Esq.; the Defendant Brown and Williamson Tobacco Corp. appeared by Jack M. Fribley, Esq.; the Defendant Lorillard Tobacco Co. appeared by Michael R. Docherty, Esq.; and the Defendant Liggett Group, Inc. appeared by Robert V. Atmore, and Reuben A. Mjaanes, Esqs.

For reasons which follow, we deny the Plaintiff's Motions.

## II. Factual and Procedural History

The Plaintiff is currently an inmate at the Minnesota State Correctional Facility in Moose Lake, Minnesota. In his Complaint, the Plaintiff asserts claims against the manufaturers of certain tobacco products, as follows: Count One, Undertaking of Special Duty; Count Two, for Consumer Fraud; Count Three, for Unlawful Trade Practices; Count Four, for Deceptive Trade Practices; Count Five, for False

Advertising; Count Six, for Restitution; and Count Seven, for Restitution Unjust Enrichment. The Plaintiff also alleges a Conspiracy claim. In our Report and Recommendation of February 12, 2003, we recommended that the Plaintiff's Deceptive Trade Practices Claim, and his equitable claims, be dismissed for failure to state a claim. We also recommended that the Plaintiff's claims in fraud be dismissed for failure to plead fraud with particularity, but we allowed him thirty (30) days in which to file an Amended Complaint so as to properly particularized his allegations of fraud. By Order dated September 10, 2003, the District Court, the Honorable Donovan W. Frank presiding, adopted our Report and Recommendation.

## III. Discussion

### A. The Plaintiff's Motion to Amend the Complaint.

As noted, in our Report and Recommendation of February 12, 2003, we recommended that the Plaintiff's claims of fraud be dismissed for failure to plead fraud with particularity, and we allowed the Plaintiff thirty (30) days in which to file an Amended Complaint to remedy the deficiencies of his Complaint as to his claims of fraud. See, Docket No. 37. The Plaintiff has twice sought extensions of time in which to file his Amended Complaint, and we have twice denied the Plaintiff's requests.

In his most recent Motion, which was filed on October 27, 2003, the Plaintiff sought to extend the time, in which to file an Amended Complaint until, either November 26, 2003, or March 22, 2003. In an Order dated November 26, 2003, we denied the Plaintiff's Motion for an extension. In that Order, we explained that, pursuant to our Report and Recommendation of February 12, 2003, the Plaintiff had thirty (30) days to file an Amended Complaint from the date of the District Court's disposition of our Report, which was rendered on September 10, 2003, and therefore, the Plaintiff had until October 10, 2003, in which to file an Amended Complaint. In denying the Plaintiff's Motion, we held that the Plaintiff failed to comply with the October 10, 2003 deadline, and that he failed to set forth the requisite "good cause," as required by Rule 16, Federal Rules of Civil Procedure, to extend that deadline. Now, the Plaintiff seeks to file an Amended Complaint.

1. Standard of Review. The Scheduling Order in this case sets January 28, 2004, as the deadline to amend the pleadings and, therefore, the Motion is timely under the Scheduling Order. As such, our analysis is governed by Rule 15(a), Federal Rules of Civil Procedure, which provides, in pertinent part, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires.

In construing this Rule, the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasons -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Thus, while leave to amend should be freely given, leave should not be given where the proposed amendments are futile. See DeRoche v. All American Bottling Corp., 38 F. Supp.2d 1102, 1005 (D. Minn. 1998)("Although we begin with a presumption of liberality, an amendment to a pleading can be successfully challenged on grounds of futility if the claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted"), citing Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993); Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); Norbeck v. Davenport Community Sch. Dist., 545 F.2d 63 (8th Cir. 1976), cert. denied, 431 U.S. 917, 97 S.Ct. 2179, 53 L.Ed.2d 227

(1977); see also, United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa, 269 F.3d 932, 935 (8th Cir. 2001), cert. denied, 122 S.Ct. 2593 (2002)("The denial of leave to amend based on futility means that the court found that the amended complaint failed to state a claim").

2. Legal Analysis. Although the Plaintiff's Motion to Amend is timely under the Scheduling Order, as we have noted, we have previously denied the Plaintiff's request for an extension of time in which to file an Amended Complaint so as to allege fraud with specificity on grounds that the request was untimely under our Report and Recommendation of February 12, 2003. Nonetheless, the Plaintiff now disregards our prior rulings, on his preceding Motions for an extension, and seeks to file an Amended Complaint which, in part, asserts claims of fraud. Thus, even though Rule 15 governs our consideration of the Motion, with respect to the Plaintiff's proposed claims of fraud, he must still satisfy the "good cause" requirement of Rule 16.

In the proposed Amended Complaint, the Plaintiff asserts eleven claims. In each of those eleven claims, the Plaintiff cites a number of statutory provisions, including Minnesota Statutes Section 325F.69, Subdivision 1, which makes unlawful the act, use, or employment, by any person of any fraud, false pretense, false promise,

misrepresentation, misleading statement or deceptive practice. Section 325F.69 is the Minnesota Consumer Fraud Act. In each of the eleven counts in his proposed Amended Complaint, the Plaintiff also cites Minnesota Statutes §§325D.13, and 325F.67. In our Report and Recommendation of February 12, 2003, we recommended the dismissal, in the absence of a timely amendment, of all of the Plaintiff's claims of fraud, and specifically, his claims of fraud alleged under Minnesota Statutes Sections 325F.69, 324D.13, and 325F.67, all of which the Plaintiff is now attempting to reallege in his proposed Amended Complaint. Further, the Plaintiff has again failed to set forth the requisite "good cause" to excuse his extreme untimeliness. Accordingly, we deny the Plaintiff's Motion to Amend.

Moreover, even if timely, the Plaintiff's proposed Amended Complaint fails to plead fraud with the requisite specificity required by Rule 9(b), Federal Rules of Civil Procedure. At the Motion Hearing, the Plaintiff argued that the pleading requirements for statutory fraud under Minnesota law are less stringent than the pleading requirements for common law fraud. However, the Plaintiff is attempting to relitigate an issue which we resolved in our Report and Recommendation of February 12, 2003, that was adopted by the District Court in its Order of September 10, 2003. Even if we

were inclined to revisit the issue, the Plaintiff has presented no argument that convinces us that our recommendation to dismiss his claims of fraud was made in error.

Lastly, we find that the Plaintiff's proposed Amended Complaint is futile under Rule 15, as the proposed Amended Complaint fails to comply with Rule 8, Federal Rules of Civil Procedure, which requires that a pleading "shall contain * * * a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the Plaintiff asserts eleven separate claims, but in each of the eleven claims he cites a number of statutory provisions, including Minnesota Statutes Sections 8.31, Subdivision 3a, 325D.13, 325D.44, 325F.67, 325F.69, and 544.41, as well as Article I, Section 8, of the Minnesota Constitution. Such an amalgam of statutory provisions fails to put the Defendants on notice as to the claims asserted in the proposed Amended Complaint. Thus, the proposed Amended Complaint fails to comply with Rule 8, and therefore, the proposed Amended Complaint is futile. Accordingly, we deny the Plaintiff's further Motion to Amend his Complaint.

B. <u>The Plaintiff's Motion to Supplement the First Amended Complaint</u>.

On January 16, 2004, the Plaintiff filed his Motion to supplement the proposed Amended Complaint. Although we have denied the Plaintiff's Motion to Amend, this Motion has not been mooted, as we interpret the Motion as one to add

a claim for punitive damages. At the Hearing on the Motions, the Defendants represented that they did not receive a copy of the Motion until January 21, 2004, one day prior to the Hearing, which is noncompliant with the Local Rules, that require that a Motion, along with its supporting papers, must be served on the opposing party at least fourteen days prior to the Hearing on the Motion. See, LR 15.1, Local Rules for the United States District Court for the District of Minnesota. Thus, as we expressed at the Hearing on the Motions, this Motion was not properly before us.

However, at the time of the Hearing, we allowed the Defendants until January 29, 2004, in which to respond to the Motion in writing, and we also allowed the Plaintiff until that same date to demonstrate to the Court, in writing, what "good cause" existed to excuse the untimeliness of his Motion. As stated, the Scheduling Order in this case sets January 28, 2004, as the deadline by which all Motions to amend the pleadings must be filed, and heard. Since this Motion was not properly heard by the Court prior to January 28, 2004, the Motion is untimely and, as such , the Motion shall be dismissed as untimely in the absence of "good cause" to excuse the untimeliness.[1]

---

[1]As we have expressed:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a

On February 6, 2004, which the Court notes was eight (8) days late, the Plaintiff filed his "good cause" showing with the Court. The Plaintiff relies on his oft repeated assertion that his lack of legal counsel, and the conditions of his incarceration, prevented him from timely complying with the Court's pleadings requirements, and therefore, that "good cause" existed to excuse his noncompliance with the Federal Rules of Civil Procedure, and the Local Rules of this District. However, as we have explained, on more than one occasion to the Plaintiff, neither his incarceration, nor our

---

> showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an ex-acting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes--1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compati-BLE with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).

denial of his multiple Motions for the appointment of legal counsel, constitute "good cause" to excuse his untimeliness. The simple fact is that the Plaintiff raises nothing to suggest that, shortly after the filing of his original Complaint, he was unable to file a Motion to Amend his Complaint so as to allege a claim for punitive damages. This case is one of the oldest on our calendar, and further delays that are not warranted, on the basis of a showing of good cause, will not be countenanced. Consequently, we find that his Motion to supplement is untimely, as it is unsupported by any showing of "good cause" to justify its untimeliness.

In the interests of completeness, however, we will also address the merits of the Motion. As noted, the Plaintiff seeks to amend his Complaint so as to add a claim for punitive damages. In order to establish a claim for punitive damages, a party must show, by clear and convincing evidence, that the Defendant acted with a "deliberate disregard for the rights or safety of others." Minnesota Statutes Section 549.20, Subdivision 1(a). "A defendant operates with 'deliberate disregard' by acting with intent or indifference to threaten the rights or safety of others." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994). As such, "[a] mere showing of negligence is not sufficient" to sustain a claim of punitive

damages. Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan, 494 N.W.2d 261, 268 (Minn. 1992).

Here, the Plaintiff seeks punitive damages with respect to all eleven counts that are alleged in his proposed Amended Complaint and, in his Memorandum in support of his Motion, the Plaintiff relies on the averments in his proposed Amended Complaint to demonstrate that the Defendants were willfully indifferent to his rights, welfare, and safety. However, nowhere in the proposed Amended Complaint, in his Memorandum in support of this Motion, or in his Original Complaint, do we find any assertion that demonstrates a deliberate disregard for the rights and safety of the Plaintiff. Thus, we find that the Plaintiff's claim for punitive damages is futile, and we deny the Motion as both untimely and futile.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiff's Motion to Amend the Complaint [Docket No. 70] is DENIED.

2. That the Plaintiff's Motion to Supplement the Plaintiff's First Amended Complaint [Docket No. 79] is DENIED.

BY THE COURT:

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE