SENT BY:Xerox Telecopier 7020 ; 6-11-92 ; 9:58AM ; 6023826070→ 8104215517;# 5
Case 0:01-cv-02836-DWF-RLE Document 97-2 Filed 06/03/2004 Page 1 of 5
SENT BY: 6-10-92 : 3:42PM : MCLANE SUNWEST DIV.- 602 382 6070:# 6/10

Joseph E. Harju
#67012
P.O. Box 5000
Florence, AZ 85232

Plaintiff

COPY

JUN - 4 '92

COURT SEAL

JUDITH ALLEN, CLERK
DEPUTY CLERK

CV92-10377

SUPERIOR COURT FOR ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| JOSEPH E. HARJU,<br>Plaintiff,<br>vs.<br>STATE OF ARIZONA (a body politic);<br>SAMUEL LEWIS (an employee thereof);<br>MCLANE SUNWEST (a corporation AZ);<br>GILA CANDY AND TOBACCO CO.<br>(a corporation AZ);<br>AMERICAN TOBACCO CO.<br>(a corporation of VA);<br>BROWN AND WILLIAMSON TOBACCO CO.<br>(a corporation of KY);<br>PHILIP MORRIS INC. (A corporation of KY);<br>BROOKE GROUP INC. (a corporation of N.C.);<br>R.J. REYNOLDS TOBACCO CO. (a corporation<br>of N.J.); and<br>REPUBLIC TOBACCO CO. (a corporation of IL.); | NO. CIV. ______________<br><br>COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 USC 1983<br><br>COMPLAINT FOR PRODUCTS LIABILITY; ARS 12-681; AND NEGLIGENCE; ARS 12-821 |

Plaintiff, for his claim against the defendants named herein, alleges as follows:

1. Plaintiff is a resident of the state of Arizona and his claims of damages did occur at the prisons in Maricopa County. This Court has jurisdiction over the State defendants by virtue of: ARS 12-822(b).

2. Plaintiff, Joseph E. Harju, #67012, P.O. Box 5000, Florence, AZ 85232; a nonsmoking prison inmate injured by the defendants named herein.

. . . .

V094A4790

3. Defendant, State of Arizona, 1275 West Washington, Phoenix, AZ 85007; Owner and operator of the state prisons and prison stores that sell the tobacco products: Buglar, Kite and Top tobacco products (that carry no warnings of the federal Cigarette Labeling and Advertising Act) Marlboro, Bristol, Camel, Winston, Salem, Pall Mall, Pyramid and Kool cigarettes; sued for products liability and negligence; ARS 12-681 and 12-821.

4. Defendant, Samuel Lewis, director of corrections, 1601 W. Jefferson, Phoenix, AZ 85007; an employee of the State of Arizona, who operates the prison system and the prison stores that sell the defective tobacco products. Lewis is sued in his individual, personal and official capacities for products liability, ARS 12-681; negligence ARS 12-821; and civil rights violations 42 USC 1983.

5. Defendant, McLane Sunwest, P.O. Box 1409, Goodyear, AZ 85338; sued for products liability, ARS 12-681, as the distributor of the following tobacco products to the prison's stores: Buglar, Kite and Top tobacco products, Marlboro, Bristol, Camel, Winston, Salem, Pall Mall, Pyramid and Kool cigarettes.

6. Defendant, Gila Candy and Tobacco Co., P.O. Box 431, Safford, AZ 85546; sued for products liability as distributor of the following products to the prisons stores: Buglar, Kite and Top tobacco products., Marlboro, Bristol, Camel, Salem, Winston, Pall Mall, Pyramid and Kool cigarettes.

7. Defendant, American Tobacco Co., Reidsville, N.C., 27320; sued for products liability, ARS 12-681, manufacturer of Pall Mall cigarettes.

8. Defendant, Brown and Williamson Tobacco Co., Louisville, KY, 40232; sued for products liability, ARS 12-681, manufacturer of Buglar tobacco product and Kool cigarettes.

9. Defendant, Philip Morris Inc., 1930 Maple St., Louisville, KY, 40201 sued for products liability, ARS 12-681, manufacturer of Marlboro and Bristol.



W094A4791

10. Defendant, Brooke Group Inc., Durham, N.C., 27702; sued for product liability, manufacturer of Pyramid cigarettes.

11. Defendant, R.J. Reynolds Tobacco Co., Winston-Salem, N.C. 27102; sued for product liability as manufacturer of Camel, Winston and Salem cigarettes.

12. Defendant, Republic Tobacco Co., Chicago Il., 60640; sued for products liability as manufacturer of Top Tobacco product.

13. Pursuant to ARS 12821, plaintiff served a notice of claim against the State defendants, and that claim was disallowed.

14. The State of Arizona, through the director of corrections, Lewis, have been and are operating the prison system in an unsafe, unhealthy and unconstitutional manner by failing to provide a safe, healthy and habitable enviroment, by exposing nonsmokers to an unreasonable risk to their health, secondhand tobacco smoke, in violation of their Fifth, Eight and Fourteenth U.S. Constitutional Amendments and the corresponding provisions of the Arizona Constitution.

15. On or about April 1, 1988, continously to present, in or about the prisons operated by the defendants, plaintiff, Joseph E. Harju, who is a nonsmoker has suffered physically and mentally from, and had his civil rights violated (in the form of lung and breathing problems, chronic asthma and emphysema) from the defendants' negligent actions and tobacco products, that create secondhand tobacco smoke.

16. The Environmental Protection Agency has classified secondhand tobacco smoke as a Group "A" known Human carcinogen, along with asbestos.

17. There is no constitutional right to smoke. Gruesendorf v. City of Oklahoma City, 816 F.2d 539 (10th Cir. 1987).

. . . .



W094A4792

18. The defendants' tobacco products are defective and unreasonably dangerous in that they create secondhand tobacco smoke. Secondhand tobacco smoke is defective and unreasonably dangerous in that it contains design defects, such as, nicotine(a poison that causes addiction), 42 known human carcinogens, various tumor promotors and initiators.

19. Strict liability in tort (negligence) on the theory that the defendants failed to warn adequately (or negligently failed to warn adequately) of the dangers and adverse health effects of breathing secondhand tobacco smoke and the loss of life expectancy it causes.

20. Strict liability in tort (negligence) on the theory that the defendants marketed and sold defective and unreasonably dangerous tobacco products that create secondhand tobacco smoke and the loss of life expectancy among nonsmokers.

21. Strict liability intort (negligence) on the theory that the generic health risks of the defendants tobacco products exceed their social utilty in that they create secondhand tobacco smoke and the loss of life expectancy among nonsmokers.

22. Strict liability in tort (negligence) that the defendants breached their expressed and implied warranties concerning the safety and merchantability of their tobacco products.

23. As a result of the plaintiff having inhaled a massive dose of secondhand tobacco smoke over a prolonged period, he has suffered chronic lung and breathing problems, infections, that have permanantly damaged the health of the plaintiff.

24. Plaintiff is suffering chronic asthma and emphysema, the loss of life expentancy, a neuresis, mental and emotional distress from second hand smoke.



W094A4793

WHEREFORE, plaintiff demands relief and judgment against the defendants as follows:

1. For injunctive relief; banning smoking in inmate use areas where nonsmoking inmates are housed with smoking inmates in the State prisons;

2. For a declaratory judgment that the State defendants violated the plaintiff's rights to due process, equal protection under the law, and cruel and unusual punishments prohibited;

3. For compensatory damages in a sum of $50,000;

4. For punitive damages in a sum in excess of $50,000;

5. For such other relief the Court may deem just.

DATED: June 2nd, 1992.

Joseph E. Harju
JOSEPH E. HARJU
#67012
P.O. Box 5000
Florence, AZ 85232



W094A4794