1992 MAY -4 PM 3:51

Greg Schultz
#42735
P.O. Box 5000
Florence, AZ 85232

Plaintiff

SUPERIOR COURT FOR ARIZONA

MARICOPA COUNTY

GREG SCHULTZ (an individual);
JOSEPH E. HARJU (an individual);

Plaintiffs,

vs.

STATE OF ARIZONA (a body politic);
CORRECTIONS DIRECTOR SAM LEWIS
(an employee thereof);
MCLANE SUNWEST (a corporation); and
GILA CANDY COMPANY (a corporation),

Defendants.

NO. CIV. 91-13556

COMPLAINT FOR PRODUCTS LIABILITY AND NEGLIGENCE; ARS 12-681; ARS 12-821

COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 USC 1983

AMENDED COMPLAINT

Plaintiffs, for their claims against the defendants named herein, allege as follows:

1. Plaintiffs are residents of the State of Arizona, and the claims did occur at the prison in Goodyear, in Maricopa County. This court already has jurisdiction over the State defendants: ARS 12-822(b).

2. Plaintiff, Greg Schultz, #42735, P.O. Box 5000, Florence, AZ 85232; a nonsmoking, prison inmate, damaged by the defendants named herein.

3. Plaintiff, Joseph E. Harju, #67012, P.O. Box 5000, Florence, AZ 85232; a nonsmoking, prison inmate, damaged by the defendants named herein.

4. Defendant, State of Arizona (a body politic), 1275 West Washington, Phoenix, AZ 85007; Owner and operator of the prisons and prison's stores that

30

sell the tabacco products: Buglar, Kite and Top tobacco products (that carry no warnings of the Cigarette Labeling and Advertising Act), Marlboro, Bristol, Camel, Winston, Salem, Pall Mall, Pyramid and Kool cigarettes.

5. Defendant, Sam Lewis, corrections director, 1601 W. Jefferson, Phoenix, AZ 85007; an employee of the State of Arizona, who operates the prison system and the stores that sell the defective tobacco products. Lewis is sued in his personal, individual and official capacities for products liability (ARS 12-681, for negligence, ARS 12-821) and civil rights violations 42 USC 1983.

6. Defendant, McLane Sunwest (a corporation), P.O. Box 1409, Goodyear, AZ 85338; sued for products liability (ARS 12-681), as the distributor of the following tobacco products to the prisons' stores: Buglar, Kite and Top tobacco products, Marlboro, Bristol, Camel, Winston, Salem, Pall Mall, Pyramid and Kool cigarettes.

7. Defendant, Gila Candy Company, (a corporation), P.O. Box 431, Safford, AZ 85546; sued for products liability (ARS 12-681), as the distributor of the following tobacco products to the prisons stores: Buglar, Kite and Top tobacco products, Marlboro, Bristol, Camel, Winston, Salem, Pall Mall, Pyramid, and Kool cigarettes.

8. Pursuant to ARS 12-821, plaintiff's served a notice of claim upon the State defendants, and that claim was disallowed.

9. The State Of Arizona, through the director of corrections Lewis, have been and are operating the prison in an unsafe, unhealthy and unconstitutional manner by failing to provide a safe, healthy and habitable environment by exposing nonsmokers to an unreasonable risk to their health, second hand tobacco smoke, in violation for the Fifth, Eight and Fourteenth US Constitutional Amendments and corresponding provisions of the Arizona Constitution.

10. On or about October 7, 1980, continously to present, in or about the prisons operated by the defendants, plaintiff Greg Schultz, who is a nonsmoker, has suffered physically and mentally from, and had His civil rights violated (in the form of pneumonia, lung infections and heart attack symptoms) from the defendants negligent actions and products, that create second hand tobacco smoke.

11. On or about April 1, 1988, continously to present, inor about the prisons operated by the defendants, plaintiff Joseph E. Harju, who is a nonsmoker, has suffered physically and mentally from, and had his civil rights violated (in the form of lung and breathing problems, chronic asthma and emphysema) from the defendants negligent actions and products, that create second hand tobacco smoke.

12. The Environmental Protection Agency has classified second hand tobacco smoke as a Group "A" known human carcinogen, along with asbestos, benzene, arsenic, and DDT.

13. There is no constitutional right to smoke. See, Grusendorf v. City of Oklahoma City, 816 F.2d 539 (10th Cir. 1987).

14. The defendants' tobacco products are defective and unreasonably dangerous in that they create second hand tobacco smoke. Second hand tobacco smoke is defective and unreasonably dangerous in that it contains design defects, such as nicotine (a poison that causes addiction), 42 known human carcinogens, various tumor promotors and initiators.

15. Strict Liability in tort (negligence) that the defendants failed to warn adequately (or negligently failed to warn adequately) of the adverse health effects of breathing second hand tobacco smoke and the loss of life expectancy it causes.



306

16. Strict liability in tort (negligence) that the defendants marketed and sold defective and unreasonably dangerous tobacco products that create second hand tobacco smoke and the loss of life expectancy among nonsmokers.

17. Strict liability in tort on the theory that the generic health risks of the defendants' tobacco products exceed their social utility in that they create second hand tobacco smoke and the loss of life expectancy among nonsmokers.

18. Strict liability in tort (negligence) that the defendants breached their expressed and implied warranties concerning the safty and merchantbility of their tobacco products.

19. The 1967 Surgeon General's Report on Smoking and Health identifies measures of morbidity associated with smoking. (US PHS 1968a)

20. The 1968 Surgeon General's Report on Smoking and Health estimated smoking related loss of life expectancy among young men as eight years for heavy smokers (over two packs per day) and four years for light smokers (less than one pack per day) (US PHS 1968b).

21. The 1986 Surgeon General's Report on Smoking and Health focused on involuntary smoking, concluding that: "involuntary smoking is a cause of disease, in healthy nonsmokers, including lung cancer and pneumonia."

22. As a result of the plaintiffs having inhaled a massive dose of second hand tobacco smoke over a prolonged period, they have suffered chronic lung and breathing infections and problems that have permanantly damaged the health of the plaintiffs.

23. Plaintiffs are suffering the loss of life expectancy from smoke.

24. Plaintiffs have suffered emotional and mental distress.

25. Plaintiffs are suffering a neurosis concerning second hand smoke.



30C

WHEREFORE, PLAINTIFFS demand relief and judgment against the defendants as follows:

1. For injunctive relief; banning smoking in the inmate use areas in the prisons where nonsmoking inmates are housed;

2. For declaratory judgment; that the State defendants violated nonsmokers' rights to due process, equal protection under the law, and cruel and unusual punishment prohibited;

3. For compensatory damages in a sum of $5,000;

4. For punitive damages in a sum in excess of $5,000;

5. For such other relief the Court may deem just.

DATED: 28 April 1992.

GREG SCHULTZ
Plaintiff
#42735
P.O. Box 5000
Florence, AZ 85232



30d