Joseph Edwin Harju
O.I.D. # 205468
MCF-Moose Lake
1000 Lakeshore Drive
Moose Lake, Minnesota 55767-9449

February 11, 2004

**Via U.S. Mail**

Attorneys Edward B. Magarian
And David Eldred
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498

RE: Joseph Edwin Harju v. Philip Morris, et al.; Court File No. CV-01-2336 (DWF/RLE).

Dear Counselor's Magarian and Eldred:

I am Supplementing Plaintiff's responses to Interrogatories and your Requests for Production of Documents and Things, as follows:

As to, **Interrogatory No. 1:**

Please see: "Plaintiff's Affidavit in Support of Plaintiff's Original and Amended Complaints", at Item b., attached thereto.). Plaintiff's Affidavit's in Support of his Original and Amended Complaints, at Item b., both indicated that Plaintiff Joseph Edwin Harju was born on January 6, 1953, at Lockborne A.F.B., at **Columbus, Ohio.**

As to, **Interrogatory No. 3:**

Plaintiff's mother, Mary Jo (Irwin) Harju, died on December 5th, 2003. Prior to her death, my mother resided with my Sister, Elizabeth Ann (Harju) Kovacs, in Mayville, Michigan. Plaintiff cannot recall the other requested information due to Plaintiff's memory loss. The address for my Sister, Elizabeth Ann Kovacs is: 6027 First Street, Mayville, Michigan 48744. Plaintiff submits further that, even if I could remember the names of my cell mates while I've been incarcerated, I'm not permitted by D.O.C. policy to provide anyone with any information regarding other inmates. You may

obtain this information from the Arizona and Minnesota Department of Corrections, if they will provide that information to Defense Counsel. I am not at liberty to divulge any information about other inmates, pursuant to D.O.C. rules.

As to, **Interrogatory No. 4:**

Plaintiff is prohibited from providing personal information, including names of prison coworkers, concerning any other inmates. Even if, Plaintiff could recall their names. Which he cannot. Plaintiff cannot recall any employment he's held for less than thirty(30)days. Plaintiff suffers from "Memory Loss", and cannot recall many details concerning his past employment history, etc., and Plaintiff may supplement this response in further detail at some time after his release from prison on March 22, 2004.

As to, **Interrogatory No. 5:**

Plaintiff attended "Pioneer" –12A10 course in 1971, at United States Army Training Center at Ft. Leonard Wood, Missouri; "Chemical, Biological and Radiological Warfare course in 1973, at United States Army Training Center, at Ft. Lewis, Washington; "BTMS" course at United States Army Reserve Readiness Group, in 1981, at Ft. Snelling, Minnesota; and "Security Specialist" course, in 1982, at Lackland A.F.B., at San Antonio, Texas. Plaintiff has previously provided Defense Counsel with his signed and Notarized "Request for Release of Information" in order that Defense Counsel can request and obtain Plaintiff's Military Records. No further response to this Interrogatory is necessary as Plaintiff has provided Counsel with all of the information which Plaintiff can recall and Plaintiff cannot recall anything further regarding this subject.

As to, **Interrogatory No. 6:**

Plaintiff submits that in the U.S. Army and Army Reserve his duties included "Combat Engineering"; and "Combat Team Leader", and Plaintiff recalls having been stationed at Ft. Leonard Wood, Missouri; Ft. Lewis, Washington; Ft. Chaffee, Arkansas; and at Ft. McCoy, Wisconsin. Plaintiff's duties while in the United States Air Force and Air Force Reserve were those of "Airbase Security" and "Airbase Ground Defense", and Plaintiff recalls having been stationed at Lowrey A.F.B., Denver, Colorado; Lackland A.F.B., San Antonio, Texas; Mountain Home A.F.B., Boise, Idaho; and at the Duluth Air National Guard Base, Duluth, Minnesota. Plaintiff believes that he is not permitted to give any further details regarding his specific duties while he was with Air Force Security for reasons of National Security. Defense Counsel may inquire of Plaintiff's Service Branches if Counsel

requires further details regarding Plaintiff's specific duties while he was in Military Service. Plaintiff cannot recall anything further regarding his military service.

As to, **Interrogatory No. 7:**

Plaintiff cannot recall "specific" dates of the diagnosis of his smoking caused injuries. Plaintiff has problems of "Memory Loss", and cannot recall specific dates or names. Plaintiff submits that, Defense Counsel has previously obtained Plaintiff's medical records,from Arizona and Minnesotã, and Counsel's review of Plaintiff's medical records will provide Counsel with more accurate information than Plaintiff is able to provide. Plaintiff cannot recall anything further due to Plaintiff's memory problems and Memory Loss. Plaintiff submits that no further response to this interrogatory is necessary or required.

As to, **Interrogatory No. 8:**

Plaintiff submits that Counsel has previously obtained Plaintiff's entire relevant medical records. You have more information regarding Plaintiff's medical history, by reviewing those records, than Plaintiff can recall from his poor memory and provide to you. Plaintiff asserts that, prior to his incarceration in Arizona, in 1988, Plaintiff was in excellent health and rarely had need for medical care. However, Counsel has obtained Plaintiff's medical records dating back as far as the early 1970's, which is more information than Plaintiff could recall and provide. Plaintiff cannot recall anything further regarding this subject and his "Memory Loss" prevents Plaintiff from responding in greater details at this time. Plaintiff may supplement this response further at some time following his release from prison, if any further details become available to Plaintiff regarding this subject.

As to, **Interrogatory No. 9:**

Plaintiff submits that Counsel has already previously obtained Plaintiff's entire relevant medical records and the information Counsel seeks can be obtained through Counsel's review of those relevant medical records. Plaintiff cannot recall anything further regarding these questions because Plaintiff suffers from "Memory Loss" caused by decades of cigarette smoking.

As to, **Interrogatory No. 10:**

Plaintiff submits that Counsel can simply review Plaintiff's relevant medical records, which Counsel has previously obtained, in order to obtain this information. Plaintiff's "memory loss" problems prevent him from providing anything further regarding this Interrogatory. Counsel has already been provided this information through Plaintiff's medical records, which Counsel has previously obtained. However, Plaintiff may supplement this Interrogatory further at some time following his release from prison.

As to, **Interrogatory No. 11:**

Plaintiff may supplement this response at some time following his release from prison. Plaintiff cannot recall specific details regarding physical, psychiatric or psychological examinations he has had in the past due to Plaintiff's Memory Loss. Defense Counsel has previously obtained Plaintiff's relevant medical records which provide the information which Counsel seeks. Wherefore, Defense Counsel has more information regarding Plaintiff's medical history, through Counsel's access to Plaintiff's relevant medical records, than Plaintiff is able to recall or provide.

As to, **Interrogatory No. 12:**

Plaintiff's memory loss prevents him from responding further to this interrogatory because Plaintiff cannot recall "specific details" regarding any examinations which he may have undergone in the past. Defense Counsel has previously obtained Plaintiff's relevant medical records, which must provide Counsel with more detailed information concerning Plaintiff's health history than Plaintiff can recall. Plaintiff will supplement this interrogatory at some time after his release from prison, if he recalls any relevant information regarding these questions. Plaintiff strongly suggests that Defense Counsel review those relevant medical records of Plaintiff's medical history that Counsel has already obtained because, that will provide Counsel with more information regarding Plaintiff's health, than Plaintiff can recall due to Plaintiff's memory loss.

As to, **Interrogatory No. 13:**

Plaintiff responds further by stating that, other than the Arizona and Minnesota prison pharmacies, Plaintiff recalls obtaining medications from St. Mary's Hospital Pharmacy; West Duluth Clinic Pharmacy; Walgreen's pharmacy; Falk's Pharmacy; and K-Mart Pharmacy. Plaintiff cannot recall anything further regarding this interrogatory and any other pharmacies which Plaintiff may have used in the distant past. Defense Counsel has just recently obtained additional medical records regarding Plaintiff which provides more information about Plaintiff's past use of pharmacies, than this injured Plaintiff can recall at this time. Plaintiff suggests that Counsel review the medical records which Counsel has obtained regarding this Interrogatory. Plaintiff asserts that, prior to his incarceration in Arizona in 1988, Plaintiff was in excellent health and, rarely had need to obtain medications or medical care.

As to, **Interrogatory No. 14:**

Plaintiff cannot recall "specific details" regarding his maternal grandparents. Plaintiff only recalls that his Mother's father's name ( maternal grandfather ), was "Joseph Irwin" and Plaintiff never knew what his maternal grandmother's name was. Plaintiff cannot recall anything

further regarding this Interrogatory. However, Plaintiff suggests that Defense Counsel contact Plaintiff's sister, Elizabeth Ann (Harju) Kobacs, in Mayville, Michigan, concerning the information regarding Plaintiff's maternal grandparents. Plaintiff suffers from memory loss as the result of decades of cigarette smoking and cannot recall "specific" details from Plaintiff's distant past.

As to, **Interrogatory No. 19:**

Plaintiff only recalls his Minnesota Diver's License No., which is H620-441-188-020, and Plaintiff believes that his Michigan Driver's License No. was also: H620-441-188-020. Plaintiff cannot recall his Arizona Driver's License numbers. Plaintiff has held driver's licenses in Minnesota, Michigan and Arizona. That is all of the information required for this Interrogatory.

At to, Counsel's requests for Production of Documents and Things, Plaintiff will most likely supplement this request at some time following Plaintiff's release from prison. Plaintiff suggests that Defense Counsel allow Plaintiff some time following his release from confinement to supplement Counsel's request for Production of Documents and Things.

**Additionally,** Plaintiff strongly suggests that Defense Counsel wait until some time after Plaintiff's release from confinement to conduct "Depositions" with this Plaintiff. Counsel may contact Plaintiff after his release from confinement regarding "Depositions", at The Duluth Bethel Work Release Center, at 23 Mesabe Avenue, Duluth, Minnesota 55802.

Thank You Very Much.

Respectfully and Sincerely,

Joseph Edwin Harju

Joseph Edwin Harju
Plaintiff pro se

CC: Counsel of Record
Harju/Philip Morris

Attorney Jack M. Fribley
FAEGRE & BENSON LLP
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55401-3901

Attorney Byron E. Starns
LEONARD, STREET & DEINARD
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402