STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

CASE TYPE: OTHER CIVIL

Court File No. C1-94-8565

The State of Minnesota,
By Hubert H. Humphrey, III,
Its Attorney General,

and

Blue Cross and Blue Shield of Minnesota,

Plaintiffs,

vs.

Philip Morris Incorporated,
R.J. Reynolds Tobacco Company,
Brown & Williamson Tobacco Corporation,
B.A.T. Industries, p.l.c.,
British-American Tobacco Company Limited,
BAT (U.K. & Export) Limited,
Lorillard Tobacco Company,
The American Tobacco Company,
Liggett Group, Inc.,
The Council for Tobacco Research - U.S.A., Inc., and
The Tobacco Institute, Inc.

Defendants.

**ORDERING DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

On November 18-20, 1997, the Court heard numerous motions for summary judgment. Based upon the record, arguments of counsel and proceedings herein the Court makes the following findings:

**WHEREAS,** defendants move this Court to dismiss plaintiffs' causes of action in total on the premise that the statutory limitations period applicable to each cause of action has expired at least six years prior to the filing of plaintiffs' complaint;

**WHEREAS,** plaintiffs' causes of action are based on the grounds of fraud, in one form or another, common law and statutory, and upon defendants' misconduct in perpetrating an ongoing fraud;

**WHEREAS,** the governing statute of limitation upon which relief can be sought on the grounds of fraud, Minn. Stat. §541.05 subd. 1(6), mandates that a cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud;

**WHEREAS,** as set forth in plaintiffs' amended complaint, defendants' acts of fraudulent misconduct are alleged to be continuous, from more than four decades ago to the present;

**WHEREAS,** defendants are alleged, among other things, to have continuously misled and withheld from the people of Minnesota information germane to the public health in relation to its products;

**WHEREAS,** instead of sharing information about their product's effects on health, defendants are alleged to have withheld information, upon which omissions the public reasonably relied as to the nature and effects of their products;

**WHEREAS,** defendants argue that the undisputed facts show that the State and the public in general knew about the dangers of smoking giving rise to plaintiffs' causes of action, and plaintiffs' knowledge of such facts by 1985 is evidenced by the State legislature's adoption of formal findings linking[1] smoking to increased health care costs,

---

Defendants themselves have for decades argued that "links" like statistical associations do not equate to causation. Do they now argue that such links are evidence of

**WHEREAS**, such argument is misdirected and reveals a fundamental misunderstanding at best or mischaracterization at worst of the plaintiffs' case;

**WHEREAS**, the relevant focus is not when plaintiffs linked smoking to health risks and increased costs, but rather when plaintiffs discovered or could have with reasonable diligence discovered the defendants' alleged concealment of the facts;[2]

**WHEREAS**, plaintiffs' reliance on the veracity of defendants' representations prior to 1994 was reasonable in light of the dearth of disclosure of defendants' own documentation that in fact evidences contravention between defendants' statements and actions;

**WHEREAS**, defendants concede that the public's reliance on its statements and conduct was reasonable;[3]

**WHEREAS**, plaintiffs assert that they began discovering defendants' concealment of facts during the period of time leading up to the filing of this lawsuit in August, 1994;

**WHEREAS**, in his deposition Douglas Blanke, an assistant attorney general involved with tobacco policy, testified that facts sufficient to support the initiation of this lawsuit did not come to the attention of the Attorney General until 1994, and he identified an "explosion of information" throughout the first half of 1994 as additional evidence persuading the Attorney General's Office that a basis for legal action existed;[4]

---

causation upon which plaintiffs could have relied?

See Castano v. The American Tobacco Co., 961 F.Supp. 953 (E.D. La. 1997).

Ex. 234, Combined Recital (Spears Dep.,p.562-63); Ex. 235, Combined Recital (Glenn Dep.,pp.59-60); Ex. 245, Combined Recital (Reynolds Dep., pp.40-41); Combined Recital ¶¶ 253-269

Ex.1 to the Affidavit of Howard R. Orenstein In Opposition to Defendants' Motion For Summary Judgement Based on the Statute of Limitations ("Orenstein Aff.")

**WHEREAS**, press reports document disclosures of tobacco company wrongdoing in the months just before the filing of this lawsuit in August 1994,[5] and reported unprecedented disclosures of information and ground-breaking investigations of tobacco industry misconduct by the FDA, the FTC, the media, the Surgeon General, the Attorney General, and the Waxman Committee;

**WHEREAS**, as a result of said disclosures, former federal health official Joseph Califano testified before Congress that "the evasion, lies, and transfer of documents overseas by the tobacco industry . . . [have] distorted U.S. government policy for 30 years."[6]

**WHEREAS**, Attorney General Hubert H. Humphry III testified that the accumulation of information in the months preceding the lawsuit provided enough information to proceed with this action based on fraudulent concealment;[7]

**WHEREAS**, the chief executive officer of BCBSM, Andrew Czajkowski, testified that BCBSM did not know enough about the industry wrongdoing to bring this suit earlier; [8]

**WHEREAS**, reasonable minds could not otherwise determine that plaintiffs could have discovered or obtained facts revealing defendants' misconduct prior to the disclosure of leaked information, ground breaking investigations of tobacco industry misconduct by the FDA, the FTC, the media, the Surgeon General, the Attorney General and the Waxman Committee;

---

Exs. 4-14 to Orenstein Aff.

Ex. 11 to Orenstein Aff.

Ex. 2 to Orenstein Aff. (Humphrey Dep., pp. 416-17).

Ex. 3 to Orenstein Aff. (Czajkowski Dep., p.838).

**WHEREAS**, under these facts reasonable minds could not differ as to whether plaintiffs knew or should have known about their causes of action four or six years prior to the disclosures of defendants' acts and omissions;

**WHEREAS**, plaintiffs' have represented facts which reasonably support an inference that defendants engaged in a decades-long successful campaign to hide and conceal information from their internal files regarding their misrepresentations and fraud and other wrongdoing. The disputed record reflects that defendants' conduct includes: hiding and misrepresenting knowledge about the actual health risks of smoking while publicly denying or diminishing those risks;[9] hiding and misrepresenting actions suppressing independent scientific research while publicly purporting to support such research;[10] hiding and misrepresenting efforts to manipulate the nicotine content of cigarettes while publicly denying the fact;[11] hiding and misrepresenting knowledge of the addictiveness of nicotine while publicly denying that nicotine was additive;[12] hiding and misrepresenting efforts to market to children while publicly denying that they marketed to children;[13] and hiding and misrepresenting evidence that they were breaking their promise to place the public health as their primary concern.[14] Plaintiffs assert that these facts demonstrate a campaign of deception that continues today;

---

*See* Combined Recital ¶¶ 88-120.

*See* Combined Recital ¶¶ 10-87.

*See* Combined Recital ¶¶ 156-215.

*See* Combined Recital ¶¶ 123-155.

*See* Combined Recital ¶¶216-251.

*See* Combined Recital ¶¶ 1-87.

**WHEREAS**, a "false denial of knowledge or information by [defendants] . . . in possession of the facts, may subject [them] to liability as fully as if they had expressly misstated the facts, if its effect upon plaintiff[s] is to lead them to believe that facts do not exist or cannot be discovered";[15]

**WHEREAS**, the evidence presented by plaintiffs reasonably draws an inference that defendants' conduct was purposeful to effectively create doubt, cause confusion, and deny the existence of knowledge proving the ill effects of its products;

**WHEREAS**, defendants do not dispute that the discovery rule set forth in §541.05, subd. 1(6) applies to plaintiffs' common law, antitrust or equitable claims;

**THEREFORE, IT IS HEREBY ORDERED:**

1. That defendants' motion to time-barr plaintiffs' claims is summarily denied.

2. That plaintiffs' inability to discover the fraud upon which their causes of action are founded and upon which relief is sought, prior to any applicable statute of limitations period, tolls any applicable statute of limitations.

3. That plaintiffs have presented an abundance of evidence that more likely than not establishes that defendants fraudulently concealed information to plaintiffs' detriment; however, such a factual finding is appropriate for jury determination.

4. That plaintiffs have alleged and represented facts which reasonably support an inference of defendants' continuing wrong to toll the statute of limitations, regardless of when plaintiffs had information sufficient to allow their causes of action to be brought; however, the sufficiency of plaintiffs' evidence in this regard is appropriate for jury determination.

---

DeCosse v. Armstrong Cork Co., 319 N.W.2d 45, 51 (Minn.1982).

5. That the record is abundantly clear that defendants made promises to plaintiffs, upon which plaintiffs' reasonably relied to their detriment. Defendants are equitably estopped from asserting the statue of limitations to gain an advantage from their own wrongdoing.

6. Plaintiffs' claims shall proceed accordingly.

Dated: January 24, 1998

/s/ Kenneth J. Fitzpatrick
Kenneth J. Fitzpatrick
Judge of District Court