UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Joseph Edwin Harju,

Plaintiff,

vs. MINUTE ORDER

Philip Morris, Inc.;
R.J. Reynolds Tobacco
Co.; Brown and Williamson
Tobacco Corp.; B.A.T.
Industries, P.L.C.;
British-American Tobacco
Co. Limited; B.A.T.
(U.K. and Exports)
Limited; Lorillard
Tobacco Co.; Liggett
Group, Inc.; The Council
for Tobacco Research -
U.S.A., Inc.; and The
Tobacco Institute, Inc.,

Defendants. Civ. No. 01-2336 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28

U.S.C. §636(b)(1)(B), upon the Defendants' Motion to Vacate the Defendants' Expert Disclosure Deadline.

On June 17, 2004, the Court heard argument on the Motion, at which time, the Plaintiff appeared pro se, and in forma pauperis; the Defendant Philip Morris, Inc., appeared by Edward B. Magarian, and Christopher V. Cotton, Esqs.; the Defendant R.J. Reynolds Tobacco Co. appeared by James S. Simonson, and Joann A. Waters, Esqs.; the Defendant Brown and Williamson Tobacco Corp. appeared by Patricia Stemich, Esq.; the Defendant Lorillard Tobacco Co. appeared by Michael R. Docherty, Esq.; and the Defendant Liggett Group, Inc. appeared by Robert V. Atmore, Esq. For the reasons expressed at the conclusion of the Hearing, and briefly reiterated below, we granted the Defendants' Motion.

The Pretrial Order in this case set the date by which the Plaintiff was to provide the Defendants with his expert witness disclosures as April 30, 2004, and the date by which the Defendants were to make their expert disclosures as July 1, 2004. The Defendants contend that, because the Plaintiff has failed to identify any expert witnesses, they are unable to make their expert disclosures by the July 1, 2004 deadline.

At the Hearing on the Motion, the Defendants represented that an Interrogatory had been served on the Plaintiff requesting him to identify his expert witnesses. The Plaintiff responded to the Interrogatory by stating that, at the time of his response, because he was still incarcerated, he did not have any expert witnesses, but he represented that, after his release from confinement, he would supplement his Interrogatory Answers upon retaining an expert witness. The Plaintiff has acknowledged, however, that, to date, he has not retained an expert witness due to his limited financial means. The Plaintiff further conceded that he had no objection to the Defendants' Motion because he did not provide them with his expert disclosures. Therefore, on this Record, we granted the Defendants' Motion to Vacate.

Further, the Court notes that the Defendants have filed a Motion for Summary Judgment, which shall be heard by this Court, on July 22, 2004. At the Hearing, we advised the Plaintiff of the newly adopted Local Rules, and we made specific reference to Local Rule D. Minn. LR7, which provides that a party responding to a dispositive Motion shall file and serve its responsive Memorandum of Law by no later than twenty (20) days before the date of the Hearing on the Motion. See, D. Minn. LR 7.1(b)(2), Local Rules for the United States District Court for the District of Minnesota (2004). Consequently, the Plaintiff's responsive Memorandum of Law must be filed and

served by no later than Friday, July 2, 2004. Given that the Plaintiff is proceeding in this matter without the assistance of counsel, the Court directed the Clerk of Courts to mail a copy of the revised Local Rules to the Plaintiff at his current mailing address, which the Plaintiff provided to the Court as 2001 West Superior Street, Apartment Number 212, Duluth, Minnesota 44806.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Motion to Vacate the Defendants' Expert Disclosure Deadline [Docket No. 98] is GRANTED.

2. That the Clerk of Courts is directed to mail the Plaintiff a copy of the revised Local Rules for the United States District Court for the District of Minnesota to his current mailing address.

BY THE COURT:

Dated: June 17, 2004

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE