A

June 10, 2004

Dear Tom,

How are you and Donna doing lately? You wanted to Throw out all of my stuff that's in your storage shed. You should take everything, except for what I've sent to you from Moose Lake, out to the Dump to be disposed of right away! If you haven't already done so, do it now. Right away! And, don't save This letter! They're coming back to get the rest of my personal belongings. So, get rid of that stuff that I left there since 1999! Thank you very much.

If they ask, just tell them that they've got all of my personal property that I'd sent to you! How did Things go in Milwaukee?

Call me if you can?

I'll call when I can get another phone card. only save The stuff That I sent to you after 2000! Get rid of The rest of my junk right away! Thank you very much.

I don't want those Big Tobacco Buzzards to have any more of my property!

"Hi" To Donna.

Call or write to let me know That you've gotten this letter and understand it!

Thank you.

Love Always,

Joe

Joseph Harju
2001 W. Superior Street, Apt. #212
Duluth, Mn. 55806

DULUTH MN 558
PM
JUN




Mr. Thomas R. Harju
P.O. Box 152
Copper City, Michigan
49917



AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

Western DISTRICT OF Michigan

## SUBPOENA IN A CIVIL CASE

JOSEPH EDWIN HARJU,

Plaintiff,

v.

PHILIP MORRIS, INC., ET AL.

Defendants.

CASE NUMBER: CV 01-2336 (DWF/RLE)
District of Minnesota

TO: Thomas Harju, 206 Seneca Street, Cooper City, MI 49913

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| AmericInn, 56925 South 6th Street, Calumet, MI 49913 | May 11, 2004<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE "SCHEDULE A" (ATTACHED)

| PLACE | DATE |
|---|---|
| AmericInn, 56925 South 6th Street, Calumet, MI 49913 | May 11, 2004<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 4/28/2004 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Christopher V. Cotton, Shook, Hardy & Bacon, 2555 Main Street, Kansas City, MO 64108, (816) 474-6550

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

587858v1

W0C610458

RETURN

AO 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | TIME | PLACE |
|---|---|---|---|
| SERVED | 4-30-04 | 2:55pm | 206 Seneca Street - Copper City, MI 49913 |

SERVED ON (PRINT NAME): Thomas Harju

MANNER OF SERVICE: Personal

SERVED BY (PRINT NAME): Mark Bukovich

TITLE: Deputy Sheriff

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 4-30-04
Date

Mark Bukovich
SIGNATURE OF SERVER

19449 Raasio Rd
ADDRESS OF SERVER
Hancock, MI 49930

HATFIELD PROCESS SERVICE
(www.hatfieldprocess.com)
1669 Jefferson
Kansas City, MO 64108

JEFFERY A. STROMER
Notary Public, Houghton County, MI
My Commission Expires
August 22, 2006

Jeffery A. Stromer 4-30-04

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

(1) Please produce any and all documents, in your possession, custody, or control, referring or relating to this lawsuit filed by Joseph Harju, including, but not limited to, documents sent to you by Joseph Harju.

(2) Please produce any and all documents, in your possession, custody, or control, referring or relating to any lawsuit(s) or claim(s) of any nature filed by or made on behalf of Joseph Harju against any individual, company, government entity or agency, or any other person or entity, including, but not limited to, documents sent to you by Joseph Harju.

(3) Please produce any and all documents, in your possession, custody, or control, that Joseph Harju has provided to you that refer or relate to this lawsuit, or any other lawsuit(s) or claims(s) filed by or made on behalf of Joseph Harju.

C

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

Western DISTRICT OF Michigan

JOSEPH EDWIN HARJU,

Plaintiff,

v.

PHILIP MORRIS, INC., ET AL.

Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: CV 01-2336 (DWF/RLE)
District of Minnesota

TO: Thomas Harju, 206 Seneca Street, Copper City, MI 49913

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE "SCHEDULE A" (ATTACHED)**

| PLACE | DATE |
|---|---|
| Best Western Franklin Square, 820 Shelden Ave., Houghton, MI 49937 | June 24, 2004<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Christopher V. Cotton (signature) Attorney for Defendant | 6/4/2004 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Christopher V. Cotton, Shook, Hardy & Bacon, 2555 Main Street, Kansas City, MO 64108, (816) 474-6550

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

If action is pending in district other than district of issuance, state district under case number.

591192v1

W0C6B8304

AO 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

SERVED | DATE | PLACE

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
Date

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

W0C6B305

## SCHEDULE A

(1) Please produce any and all documents in your possession, custody, or control, referring or relating to this lawsuit filed by Joseph Harju, including, but not limited to, documents sent or otherwise given to you by Joseph Harju.

(2) Please produce any and all documents in your possession, custody, or control, referring or relating to any lawsuit(s) or claim(s) of any nature filed by or made on behalf of Joseph Harju against any individual, company, government entity or agency, or any other person or entity, including, but not limited to, documents sent or otherwise given to you by Joseph Harju.

(3) Please produce any and all documents in your possession, custody, or control, that Joseph Harju has provided to you that refer or relate to this lawsuit, or any other lawsuit(s) or claims(s) filed by or made on behalf of Joseph Harju.

(4) Please produce any and all documents in your possession, custody, or control, that refer or relate to any injury, illness or other physical or mental condition of Joseph Harju, or referring or relating to the treatment of any such injury, illness or physical or mental condition, including medical bills, notes, correspondence to or from physicians, admission or discharge forms, medical reports, insurance correspondence, etc.). These documents should include, but are not limited to, documents sent or otherwise given to you by Joseph Harju.

(5) Please produce any and all documents in your possession, custody, or control, that Joseph Harju has provided to you that relate to any applications or claims submitted by Joseph Harju to any health or life insurance company, including correspondence, notes, claims forms, applications, and any other documentation. These documents should include, but are not limited to, documents sent or otherwise given to you by Joseph Harju.

(6) Please produce any and all documents in your possession, custody, or control, that Joseph Harju has provided to you that refer or relate to any claim for workers' compensation benefits, Social Security benefits, Medicaid, veteran's medical or disability benefits, union disability benefits, or any other governmental or nongovernmental benefits made by or on behalf of Joseph Harju. These documents should include, but are not limited to, documents sent or otherwise given to you by Joseph Harju.

(7) Please produce any and all documents in your possession, custody, or control, that refer or relate to any criminal matters involving Joseph Harju. These documents should include, but are not limited to, documents sent or otherwise given to you by Joseph Harju.



W0C6B8306