RECEIVED
04 JUN 30 PM 12:
U.S. DIST. COURT
DULUTH, MN

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Edwin Harju,<br><br>Plaintiff,<br><br>vs.<br><br>Philip Morris USA Inc.; R.J. Reynolds Tobacco Company; Brown And Williamson Tobacco Corporation; B.A.T. Industries P.L.C.; British-American Tobacco Company Limited; B.A.T. (U.K. And Exports) Limited; Lorillard Tobacco Company; Liggett Group Inc.; The Council For Tobacco Research-U.S.A. Inc.; And The Tobacco Institute, Inc.,<br><br>Defendants. | Case No. CV 01-2336 (DWF/RLE)<br><br>**PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

TO: The Honorable Raymond L. Erickson, United States Magistrate Judge, C/O Clerk of the Court, United States District Court, District of Minnesota, Room 412 Federal Building, 515 W. 1st Street, Duluth, Minnesota 55802-1397; and Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Company, Brown And Williamson Tobacco Corporation, Lorillard Tobacco Company and Liggett Group Inc., C/O Attorney Edward Magarian, DORSEY & WITNEY LLP, 50 South 6th Street, Suite 1500, Minneapolis, Minnesota 55402-1498.

Plaintiff pro se Joseph Edwin Harju, In Forma Pauperis and pursuant to Rule 56, Federal Rules of Civil Procedure, herein respectfully responds to the Defendants' Motion for Summary Judgment in the following Memorandum of Law and Attachment in Support thereof, which is included herein, and attached hereto.

SCANNED
JUN 30 2004
U.S. DISTRICT COURT DULUTH

# MEMORANDUM OF LAW

## I. Plaintiff's Indigence

Plaintiff Joseph Edwin Harju is indigent and disabled. Plaintiff pleads poverty as his "Good Cause" for his inability to obtain and provide Expert Witnesses or Expert Witness Testimony. Furthermore, Plaintiff's extreme poverty prevents him from providing numerous copies of this response and of sending copies of this response to all Defense Counsel separately as the cost of postage is prohibitive for this indigent Plaintiff. Plaintiff lacks the financial resources to send copies of this responsive pleading to each individual member of Defense Counsel.

Plaintiff's current income consists of General Assistance from the State of Minnesota in the amount of $203.00. per month, and of $141.00. Food Stamp allotment per month. Plaintiff's room rent is $225.00. per month and then there's his telephone bill and other living expenses, which currently greatly exceed Plaintiff's current monthly income.

## II. Expiration of the Statute of Limitations

Plaintiff submits that this Court has previously admonished Defense Counsel regarding their candor to this Tribunal. Defense Counsel is clearly withholding relevant facts from the Court. Examples of this are as follows: 1.) Plaintiff moved to dismiss his previous civil action, which was filed by an inmate named "Greg Schultz" and, reluctantly signed by this Plaintiff, because this incarcerated pro se Plaintiff could not get one doctor, in the Arizona State Prison System, to state that Plaintiff's respiratory illnesses and injuries were caused by his cigarette smoking. ( Please see: Tabs # 1, 2, 4 and 5, included in support of Defendants Motion for Summary Judgment. ). ;

2.) Plaintiff's heart disease was medically diagnosed by Doctor Peter Troedson, at MCF-Moose Lake, in June of 2003, wherein Dr. Troedson placed Plaintiff on "Isosorbide Dinitrate" ; "Metoprolol Succinate" and "Sublingual Nitroglycerin" for his heart Corronary Artery (heart) disease. Prior to June of 2003, Plaintiff had no apparent heart problems and, in fact, all his medical records prior to June of 2003 clearly indicate that Plaintiff's heart was normal. Although, Defense Counsel has failed to provide those medical records for this Court's review in spite of the fact that Defense Counsel have had those medical records for several months now. Additionally, it is of significance to note that Defense Counsel has chosen to censor portions of the Transcripts of Depositions conducted with this Plaintiff so that the Plaintiff's statements made during those exhaustive depositions can be taken "out-of-context" and manipulated to hide the entire story of Plaintiff's cigarette smoking history from this Court and from any prospective jurors in this case. Doesn't this Tribunal have the right to know the entire factual history involving Plaintiff's smoking history and his version of the facts of this case? If so, then why not provide this Court with the entire Deposition Transcripts so that this Court can make an informed decision based on all of the facts and evidence of this case? Plaintiff submits that Defense Counsel's reluctance to provide complete copies of the entire records of Plaintiff's medical history and of his Depositions with Defense Counsel, as well as the other extensive records in their possession, is quite possibly an attempt to deceive this Court as to the true facts of this case. Plaintiff's speculation that he possibly had something wrong with his heart, ( Please see: Tab # 10, Defendants' Motion for Summary Judgment! ), does not amount to his being "on notice" of any right to file any civil action regarding the Defendants in the instant case. Indeed, this Plaintiff made no claims of any heart disease, as recently as January of 1998, when he'd filed his claim for Supplemental Security Income Benefits, based upon various physical disabilities, with the Social Security Administration office in Duluth. Which claims, incidentally, were subsequently denied? Essentially indicating to this Plaintiff, in April of 1998, that as far as the U.S. Social Security Administration was concerned, Plaintiff had no viable

disability claims. Why then, has Defense Counsel chosen not to include this record of the Social Security Administration's denial of Plaintiff's 1998 disability claims? Isn't this fact something to be brought to the Court's attention?

Plaintiff maintains that he first became aware of his right to bring the instant claims, against the Defendants named in this case, in December of 2000, at MCF-Stillwater, after Doctor Ceman informed this Plaintiff that his respiratory diseases and injuries were caused from his having smoked the Defendants unsafe and addictive cigarettes since he was an eight year old child. And, that his medical records and respiratory injuries would support his civil action against the Defendant Tobacco Companies. Significantly, Plaintiff has no known diagnosed heart disease of problems at that time.

Moreover, because of the insidious and progressive nature of Plaintiff's smoking caused injuries and diseases, it is an issue to be determined by a jury, ( fact finder), as to when or at what point the six year Statute of Limitations began to toll or run and when this Plaintiff could have been aware of his right to file this civil action for his injuries caused by the Defendants misconduct. Please see: **NAEGELE v. R.J. REYNOLDS TOBACCO CO., 96 Cal. Rptr. 2d 666 ( Cal. Ct. App. 2000 ); COPELAND v. ARMSTRONG CORK CO., 447 So. 2d 922, 926 ( Fla. 3rd DCA 1984 ), cited in Grady Carter, et al., Petitioners vs. Brown & Williamson Tobacco Corporation, Respondents, No. SC94797, November 22, 2000, Harding, J., Florida Court Opinion.**

Moreover, since this Plaintiff clearly hadn't developed any symptoms or diagnosed heart disease until June of 2003, he would have six years from June of 2003, or until June of 2009, in which to bring his civil actions against these Defendants for his smoking caused injuries.

## III. <u>PROOF OF CAUSATION</u> (EXPERT WITNESS TESTIMONY)

Plaintiff respectfully submits that this United States District Court must defer to the Expertise of the United States Surgeon General's Report, 2004, when it comes to the issue of "Causation", regarding cigarette smoke and smoking caused diseases and injuries, as a matter of fact and of law. ( **<u>Please see:</u>** <u>www.cdc.gov/tobacco/sgr_2004/chapters.html</u>; Chapters # 1, 2, 3 and 4; Suggested Citation: U.S. Department of Health and Human Services. "The Health Consequences of Smoking; A Report of the Surgeon General", Atlanta, GA: U.S. Department of Health and Human Services, Centers for Disease Control and Prevention, National Center for Chronic Disease Prevention and Health Promotion, Office on Smoking and Health, 2004. Plaintiff respectfully requests that the Court take **Judicial Notice** of the 2004 Surgeon General's Report, cited herein.

Plaintiff contends that the U.S. Surgeon General's Reports speak for themselves. However, it may be significant to note that Defense Counsel failed to include this 2004 Surgeon General's Report with their Motion for Summary Judgment. Could this be because chapter one of the 2004 Surgeon General's Report, ( <u>Please see</u>: Attachment hereto and in support hereof! ), deal specifically with the issues of causation extensively? Once again, Plaintiff submits that Defense Counsel is apparently reluctant to present all of the facts to this tribunal, at least facts that tend to weigh heavily in favor of this indigent Pro se Plaintiff. Plaintiff submits that Defense Counsel is clearly aware of the 2004 Surgeon General's Report. Or, at least they should be.

Plaintiff further submits that the "Expert Opinion" of the United States Surgeon General, with regards to the issue of Causation, cannot be refuted by any other Opinion which Defendants might submit to this Court. Plaintiff contends that, as a matter of fact and of law, this United States District Court must defer to the United States Surgeon General's Expertise in the area of smoking and causation. Plaintiff further submits that he need only establish that he has specific injuries, such as

Chronic Obstructive Pulmonary Disease, Asthma, Emphysema and Heart Disease, and that the jury can review the 2004 U.S. Surgeon General's Report, regarding the specific diseases caused by cigarette smoking, and draw their own factual conclusions about Plaintiff's injuries from that report, without the need for any "expert witnesses" to come forward and tell them facts which the United States Surgeon General has already established concerning "Causation". Of course, this Court might have the authority to compel someone from the U.S. Surgeon General's Office to testify as to the validity of the Surgeon General's Report regarding "Causation", which this indigent Plaintiff cannot do? Indeed, Plaintiff respectfully requests that this Court appoint someone from the Surgeon General's Office to do just that.

## IV. <u>Relevant Facts At Issue In This Case</u>

Plaintiff respectfully submits that those issues presented in the Defendants' Motion for Summary Judgment are not matters or issues which are at issue here and, therefore, should be dismissed as irrelevant. In his Memorandum of September 10, 2003, Judge Donovan W. Frank concluded "that Plaintiff has adequately pleaded a viable special duty claim, and thus a viable conspiracy claim." ( <u>Please see</u>: <u>Memorandum</u>, <u>Order of September 10</u>, <u>2003</u>, <u>Judge Donovan W. Frank</u>.). Moreover, in Magistrate Erickson's Report And Recommendation of February 12, 2003, at pg. 27., is was found that "we find that his Complaint sets forth facts sufficient to allege a viable claim that the Defendants assumed a duty of care to the Plaintiff." Therefore, the only matters or questions at issue of in dispute here are whether or not the Defendants "Breached their assumed special duty of care to this Plaintiff", and if so, whether or not those Defendants "conspired" to do so. Plaintiff submits that he is preparing to produce tobacco industry documents, ( through discovery, etc.), which will prove to the fact finder in this case, that the Defendants did in fact "Breach their assumed special duty

of care to this Plaintiff and, that they conspired to do so." These issues should be submitted to a jury in order that the merits of Plaintiff's injury claims are determined justly.

Finally, to avoid the immense hardship and costs involved in constantly retrying the same issues repeatedly in the Courts of this Eighth Circuit, Plaintiff respectfully requests that this Court issue and order stipulating to "Findings of Fact" which have been previously determined at jury trials in the federal Courts of the Eighth Circuit, as per: **BLONDER-TONGUE LAB. v. UNIVERSITY OF ILLINOIS FOUND., 402 U.S. 313, 28 L. Ed. 2d 788, 91 S. Ct. 1434, 1971 U.S. Lexis 119, 1971 Trade Cas. (CCH) P73565, 169 U.S.P.Q. (BNA) 513 (1971),** as to the jurors previous "findings of fact" in the U.S. Eighth Circuit cases of **DAVID BURTON v. R.J. REYNOLDS TOBACCO COMPANY, Case No. 94-2202-JWL, ( D.C. Kansas 2002 ), Judge John W. Lungstrum;** and That of **BOERNER v. BROWN & WILLIAMSON TOBACCO CORP., 260 F. 3d 837 ( 8th Cir. 2001 ).** Plaintiff submits that it is an immense waist of Judicial Resources to continue to retry the same or similar issues over and over again in the Courts of this circuit.

Most importantly, this indigent Pro se Plaintiff, In Forma Pauperis, Respectfully requests that this federal Court take **Judicial Notice** of the 2004 U.S. Surgeon General's report, cited herein, regarding any causation issues in this case. Plaintiff submits that the U.S. Surgeon General's 2004 Report speaks for itself and that there is no need for any expert witness testimony regarding causation because it is clearly established in the 2004 Surgeon General's Report, 2004.

Additionally, Plaintiff respectfully requests that this Court issue an order that Defense Counsel shall provide the Court with the entire record of Transcripts of all Depositions they conducted in this case and also provide the Court with the entire record of Discovery of all Plaintiff's documents and personal papers and property that they've seized throughout there investigation regarding this case so, that this Court may review the records in their entirety and not Defendants' censored version of the records of facts, etc.?

## CONCLUSION

Plaintiff submits that the U.S. Surgeon General's Report of 2004, Chapter One, is irrefutable on the Causation issue. Furthermore, because of the insidious and progressive nature of Plaintiff's smoking caused injuries and diseases, the Statute of Limitations question is one for the trier of fact to determine and, therefore, the issue must be submitted to a jury to decide. Wherefore, these are genuine issues of material fact, which are in dispute in this case. Defendants' Motion for Summary Judgment, on these issues, must be denied as a matter of law.

RESPECTFULLY SUBMITTED this 30th day of June 2004.

By Joseph Edwin Harju

Joseph Edwin Harju, Plaintiff pro se
2001 W. Superior Street, Apt. 212
Duluth, Minnesota 55806
Tel: (218) 722-1441