UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH EDWIN HARJU,

PLAINTIFF,

v.

PHILIP MORRIS USA INC., R. J. REYNOLDS TOBACCO COMPANY, BROWN AND WILLIAMSON TOBACCO CORPORATION, B.A.T. INDUSTRIES P.L.C., BRITISH-AMERICAN TOBACCO COMPANY LIMITED, B.A.T. (U.K. AND EXPORTS) LIMITED, LORILLARD TOBACCO COMPANY, LIGGETT GROUP INC., THE COUNCIL FOR TOBACCO RESEARCH-U.S.A. INC., AND THE TOBACCO INSTITUTE, INC.,

DEFENDANTS.

Case No. CV 01-2336 DWF/RLE

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Response to the Defendants' Motion for Summary Judgment ("Plaintiff's Response") misses the mark. Indeed, Mr. Harju ignores virtually all of the undisputed evidence – from a plethora of sources – that makes clear that Mr. Harju's claims are barred by the statute of limitations. Instead of addressing the undisputed evidence, Mr. Harju continues his effort to disavow the lawsuit he filed in Arizona in 1992, seeking relief for the same sort of injuries at issue in this case. Mr. Harju's baseless efforts to revive his stale claims do not create a genuine issue of material fact.

Separately, Mr. Harju's acknowledgement in his Response that he speculated he had heart problems only further evidences the statute of limitations bar here. See Plaintiff's Response, at 3 (discussing 1987 Release Questionnaire signed by Mr. Harju in which Mr. Harju

stated he "may have a heart condition"; acknowledging that Mr. Harju speculated "that he possibly had something wrong with his heart").

Although the statute of limitations bar is dispositive in this case, Mr. Harju's claims also independently fail because Mr. Harju does not have the required expert evidence that cigarettes actually and specifically caused his alleged injuries. In his Response, Mr. Harju acknowledges his "inability to obtain and provide Expert Witnesses or Expert Witness Testimony." See Plaintiff's Response, at 2. Instead of coming forward with the required evidence, Mr. Harju insists that a copy of the 2004 Surgeon General's Report should suffice. Mr. Harju is mistaken. Indeed, while that report discusses a general causal connection between cigarette smoking and certain diseases, it most assuredly does not constitute evidence (expert or otherwise) that cigarettes actually and specifically caused any of Mr. Harju's alleged injuries.

## ARGUMENT

### A. Mr. Harju's Claims Are Barred by the Statute of Limitations Because His Alleged Injuries Physically Manifested and He Had Evidence of a Causal Connection Between Cigarettes and the Injuries by 1990

#### 1. Mr. Harju Does Not Dispute Any of the Evidence that his Alleged Injuries Manifested by 1990

In his Response, Mr. Harju acknowledges his "speculation that he possibly had something wrong with his heart[.]" See Plaintiff's Response, at 3. Mr. Harju then goes on to cite an April 17, 1987 Release Questionnaire that he filled out in which he wrote: "I may have a heart condition." See id.; see also Affidavit of Michael R. Docherty in Support of Defendants' Motion for Summary Judgment ("Docherty Aff."), Exh. 10. Mr. Harju then argues that his speculation that he possibly had something wrong with his heart "does not amount to being 'on notice' of any right to file any civil action[.]" See Plaintiff's Response, at 3. Mr. Harju is incorrect.

In Klempka v. G.D. Searle & Co., 963 F.2d 168 (8th Cir. 1992), the Eighth Circuit explained that, under Minnesota law, a claim involving personal injuries allegedly caused by a defective product accrues when two elements are present: "(1) a cognizable physical manifestation of the disease or injury, and (2) evidence of a causal connection between the injury or disease and the defendant's product, act, or omission." See Klempka, 963 F.2d at 170 (8th Cir. 1992) (citations omitted). The full extent of the injuries do not need to be known for the statute of limitations to accrue. See id.

In this case, the evidence makes clear that something caused Mr. Harju to speculate he had a heart problem, i.e., a physical manifestation of the disease or injury, in 1987. See Plaintiff's Response, at 3; Docherty Aff., Exh. 9 (April 14, 1987 Release Questionnaire filled out by Mr. Harju in which he claimed, "I feel that I have a heart problem"); Docherty Aff., Exh. 10 (April 17, 1987 Release Questionnaire filled out by Mr. Harju in which he claimed, "I may have a heart condition"). But even if Mr. Harju had not experienced something that caused him to be concerned about a possible heart condition in 1987 (which he did), the undisputed evidence makes clear that Mr. Harju's injuries physically manifested by no later than 1990, thereby triggering the accrual of the statute of limitations for plaintiff's claims by that time anyway.

Mr. Harju's deposition testimony, the numerous medical records produced in this case, Mr. Harju's handwritten notes, and his 1997 submission to the Social Security Administration, all make clear that Mr. Harju's alleged injuries physically manifested by 1990. See Defendants' Opening Brief, at 3-7; see also Docherty Aff., Exh. 6; Docherty Aff., Exh. 7; Docherty Aff., Exh. 8, pp. 260-268, 298-299; Docherty Aff., Exh. 11, pp. 1-12. Mr. Harju does not dispute any of that evidence in his Response.[1]

[1] Mr. Harju states "Defense Counsel is clearly withholding relevant facts from the Court." See Plaintiff's Response, at 2. Defense counsel respectfully take issue with Mr. Harju's baseless

Indeed, Mr. Harju would have no good faith basis to dispute the fact his alleged injuries physically manifested by 1990. See also Affidavit of Michael R. Docherty in Support of Defendants' Reply in Support of Motion for Summary Judgment ("Docherty Reply Aff."), Exh. A (April 15, 1989 letter written by Mr. Harju; discussing "chest x-ray at the Winslow Hospital" on April 14, 1989); Docherty Reply Aff., Exh. B (July 25, 1989 letter written by Mr. Harju; discussing x-ray on Mr. Harju's sinuses); Docherty Reply Aff., Exh. C (January 24, 1990 letter written by Mr. Harju; stating "I have trouble breathing and I've got a chronic cough"); Docherty Reply Aff., Exh. D (September 2, 1990 letter written by Mr. Harju; stating "I think that I've got 'bronchitis'"); Docherty Reply Aff., Exh. E (May 4, 1997 letter written by Mr. Harju; stating "I've been severely ill with lung (Respiratory), problems since 1990!!! That is very important. 1990!"). In an August 4, 1997 letter, Mr. Harju wrote, in part:

> 1.) I've been physically disabled since 1989-1990.
>
> 2.) I've got chronic occlusive pulmonary disease.
>
> 3.) My respiratory illness began in 1989-1990.

See Docherty Reply Aff., Exh. F. One week later, on August 11, 1997, Mr. Harju wrote another letter in which he again emphasized:

---

allegation. Federal Rule of Civil Procedure 56(e) does not compel the defendants to burden this Court with copies of all the medical records collected herein (spanning approximately seven volumes) and full copies of all deposition transcripts. Instead, Rule 56 provides, in relevant part, that "copies of all papers or parts thereof referred to in an affidavit" must be provided. See Fed. R. Civ. P. 56(e). See also Fed. R. Civ. P. 32 ("any part or all of a deposition . . . may be used"). In this case, defendants have demonstrated there is no genuine issue of material fact and that summary judgment is appropriate.

Mr. Harju has previously been provided, at defendants' expense, copies of all medical records collected pursuant to records release authorizations in this case. Mr. Harju has also been provided all the pages of transcript cited in defendants' briefs. Further, Mr. Harju also has been told he can order full copies of deposition transcripts from the appropriate court reporters, if he wishes to do so. Nonetheless, Mr. Harju cannot identify a genuine issue of material fact.

> Just tell them, (if they call you), that I'm in extremely poor physical health because of severe respiratory (breathing) problems that I've experienced ever since I got sick up at ASPC-Winslow in 1989-1990!!! Tell them that you've seen me get out-of-breath and totally exhausted with even the slightest physical exertion, such as a short walk accross [sic] the room at visitation.

See Docherty Reply Aff., Exh. G.[2]

Mr. Harju does not dispute any of the evidence that his alleged injuries manifested by 1990. See Klempka, 963 F.2d at 170 ("[a] plaintiff who is aware of both [his] injury and the likely cause of [his] injury is not permitted to circumvent the statute of limitations by waiting for a more serious injury to develop from the same cause.").

**2. Mr. Harju Does Not Dispute that He Had Evidence of a Causal Connection Between Cigarettes and His Alleged Injuries by 1990**

Mr. Harju does not dispute that he had, by 1990, evidence of a causal connection between cigarettes and his alleged injuries. Indeed, the health risks associated with cigarette smoking were emphasized for Mr. Harju over the years by family, friends, through his formal education, and through the health warnings that have appeared on cigarette packages since 1966. See Docherty Aff., Exh. 8, pp. 54-55, 126-128, 155, 219-221, 257-258, 377-378, 661-665; Docherty Aff., Exh. 12.

Notably, during a recent deposition, Brenda Harju (Mr. Harju's ex-wife) testified that Mr. Harju told her that he has had asthma and breathing problems for ten to twenty years that he has associated with smoking. Specifically, Brenda Harju testified:

---

[2] Exhibits A – G were produced to defense counsel on June 24, 2004, in response to a subpoena, by plaintiff's brother Thomas R. Harju. The documents were produced despite plaintiff Joseph Harju's directions that these documents, and others, be destroyed. See Docherty Reply Aff., Exh. H. Specifically, notwithstanding the subpoena issued for the documents, plaintiff wrote to his brother: "I don't want those Big Tobacco Buzzards to have any more of my property!" See Emergency Motion to Preserve Evidence and related submissions. See Docket Entry Nos. 108-112.

> Q. [D]uring your conversation last week, Joseph Harju was describing the asthma and breathing problems that he's had for the last ten to 20 years; is that right?
>
> A. Yes.
>
> Q. And for that ten- to 20-year period, he's associated those problems with his smoking habit; is that right?
>
> A. That's what he says, yes.

See Docherty Reply Aff., Exh. I, at p. 86 (Transcript from Deposition of Brenda Harju).

In addition, Mr. Harju's 1992 lawsuit filed in Arizona further evidences the undisputed fact that Mr. Harju's injuries physically manifested by the late 1980s or early 1990s, and that he believed cigarettes were the cause of the health problems. In his Response, Mr. Harju acknowledges his 1992 Arizona lawsuit in which he sought relief for the same sort of injuries at issue in this case, but contends he "moved to dismiss his previous civil action . . . because this incarcerated pro se Plaintiff could not get one doctor, in the Arizona State Prison System, to state that Plaintiff's respiratory illnesses and injuries were caused by his cigarette smoking."[3] See Plaintiff's Response, at 2. See also Docherty Aff., Exh. 1. Mr. Harju misses the point. Indeed, the willingness of any doctor to assist Mr. Harju with his prior lawsuit is irrelevant. The undisputed fact remains that Mr. Harju claimed in his 1992 Arizona lawsuit that cigarettes were the cause of his alleged injuries at that time. In the motion to dismiss that Mr. Harju prepared, signed, and filed in his 1992 Arizona case, Mr. Harju emphasized:

> Plaintiff's claims are based on injuries specific to this plaintiff as his Prison Medical Records would clearly indicate. That since his

[3] Mr. Harju admits that he signed the complaint in his 1992 Arizona lawsuit, but in his Response, Mr. Harju insists he did so "reluctantly." Mr. Harju's reluctance is irrelevant. Moreover, defendants respectfully note that Mr. Harju's signed agreement with his fellow inmate, Mr. Schultz, makes clear that (1) Mr. Harju was the plaintiff in the Arizona case, (2) Mr. Schultz was only Mr. Harju's "designated legal assistant", and (3) Mr. Schultz would only stand to receive a fraction of any recovery in Mr. Harju's 1992 Arizona lawsuit. See Docherty Reply Aff., Exh. J.

> imprisonment, he has suffered respiratory injuries that "were NOT" present or Manifest previously. This is directly related to and caused by plaintiff's involuntary Exposure to Environmental (second Hand) Tobacco Smoke since his incarceration. Plaintiff has Early Stages of Emphysema and Asthma which were not present prior to his imprisonment.

See Docherty Aff., Exh. 2. See also Docherty Aff., Exh. 3 (March 22, 1997 letter written by Mr. Harju in which referencing his 1992 Arizona lawsuit and warning a prison official, with the threat of future litigation, not to move Mr. Harju to a smoking environment); Docherty Reply Aff., Exh. K (September 25, 1992 form signed by Mr. Harju in which he addresses "a sincere request to eliviate [sic] some serious health problems that are aggravated or caused by exposure to [environmental tobacco smoke]").

In this case, Mr. Harju's claims are barred by the six-year statute of limitations because his alleged injuries physically manifested and he had evidence of a causal connection between cigarettes and his alleged injuries by 1990.

### B. Mr. Harju's Claims Independently Fail Because Mr. Harju Lacks the Required Proof of Causation

Although the statute of limitations bar is dispositive in this case, Mr. Harju's claims also independently fail because Mr. Harju does not have the required expert evidence that cigarettes actually and specifically caused his alleged injuries. In his Response, Mr. Harju acknowledges his "inability to obtain and provide Expert Witnesses or Expert Witness Testimony." See Plaintiff's Response, at 2. Instead of coming forward with the required evidence, though, Mr. Harju insists that a copy of the 2004 Surgeon General's Report should suffice. Mr. Harju is mistaken.

First, while Mr. Harju correctly notes that he must establish that he has the specific injuries at issue in this case, see Plaintiff's Response, at 5-6, the 2004 Surgeon General's Report

does not address whether Mr. Harju individually has any injuries whatsoever. Second, while the 2004 Surgeon General's Report discusses a general causal connection between cigarette smoking and certain diseases, it most assuredly does not constitute evidence (expert or otherwise) that cigarettes actually and specifically caused any of Mr. Harju's alleged injuries. Accordingly, because Mr. Harju cannot present the necessary expert testimony to establish causation of the complex diseases at issue in this case, there is no genuine issue as to any material fact, and the Court should enter summary judgment in favor of defendants.

## CONCLUSION

All of Mr. Harju's claims are barred by the statute of limitations, so the claims should be dismissed. Furthermore, Mr. Harju's claims independently fail because Mr. Harju lacks the required proof of causation.[4]

Respectfully submitted,

RIDER BENNETT, LLP

Dated: July 8, 2004

By /s/ Michael R. Docherty
Michael R. Docherty (16690X)
333 S 7th St Ste 2000
Minneapolis, MN 55402
(612) 340-8930

**Attorneys for Defendant Lorillard Tobacco Company**

and

[4] Defendants respectfully object to the relief sought in Plaintiff's Response, at pages 6-7, because Mr. Harju has failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court with respect to motion practice.

By /s/ Edward Magarian
Edward Magarian (208796)
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Minneapolis MN 55402-1498
(612) 340-2600

**Attorneys for Philip Morris USA Inc.**

and

Robert V. Atmore (003438)
Lindquist & Vennum P.L.L.P.
80 S 8th St Ste 4200
Minneapolis MN 55402-2205
(612) 371-3211

**Attorneys for Liggett Group, Inc.**

and

Jack M. Fribley (31999)
Faegre & Benson LLP
2200 Norwest Ctr
90 S 7th St
Minneapolis MN 55402-3901
(612) 766-7000

**Attorneys for Brown & Williamson Tobacco**

and

Christopher V. Cotton (*pro hac vice*)
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
(816) 474-6550

**Attorneys for Philip Morris USA Inc. and Lorillard Tobacco Company**

and

James Simonson (101333)
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Ctr
80 S 8th St
Minneapolis MN 55402
(612) 632-3000

**Attorneys for R.J. Reynolds Tobacco Company**