***78010** Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

**Annie Wallert SCHOMBERG, Trustee for the Next of Kin of JaJa Roy Hatfield, et al., Appellants (A03-732), Plaintiffs (A03-979),**
**v.**
**FERRELLGAS, INC., Respondent, Susan STYLE, Special Administrator of the Estate of Kathleen Ann Hatfield, Defendant (A03-732), Appellant (A03-979).**

**Nos. A03-732, A03-979.**
Jan. 20, 2004.

Martin County District Court, File No. CX-01-911.

Daniel A. O'Fallon, Brooke B. Tassoni, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN; and Gregory N. McEwen, McEwen Law Firm, St. Paul, MN, for appellants Annie Wallert Schomberg, et al.

James H. Turk, Elizabeth L. Weinandt, Blethen, Gage & Krause, PLLP, Mankato, MN, for appellant Susan Style.

Terry W. Viesselman, Viesselman & Barke, P.A., Fairmont, MN; and Mark F. Krause (pro hac vice), Schlee, Huber, McMullen & Krause, P.C. , Kansas City, MO, for respondent.

Considered by HALBROOKS, Presiding Judge; KALITOWSKI, Judge; and STONEBURNER, Judge.

**UNPUBLISHED OPINION**

KALITOWSKI, Judge.

****1** Annie Schomberg, trustee for JaJa, Brenna, and Brandon Hatfield, and Barbara Cuppy, trustee for Jenny Hoffmeyer (appellants) brought a wrongful death action against respondent Ferrellgas, and Susan Style, special administrator of the estate of Kathleen Hatfield. Appellants challenge the district court's decision granting summary judgment to Ferrellgas. Appellant Style, co-defendant in the district court action, challenges the district court's finding that Kathleen Hatfield had knowledge of the dangerous condition of the gas heater. These appeals are consolidated before this court. We affirm.

**DECISION**

On appeal from summary judgment, the reviewing court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Although appellate courts view the evidence in the light most favorable to the party against whom judgment was granted, summary judgment is appropriate against a party who fails to establish the existence of an element essential to its case. *Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995).

**I.**

Appellants first argue that the district court erred in granting summary judgment to Ferrellgas on the ground that Ferrellgas had no duty to warn. In a negligence action, a defendant is entitled to summary judgment when the record reflects a "complete lack of proof on an essential element of the plaintiff's claim." *Lubbers,* 539 N.W.2d 398, 401. To prove negligence, a plaintiff must show (1) a duty of care existed; (2) that duty was breached; (3) an injury was sustained; and (4) breach of the duty proximately caused the injury. *Id.* Whether a duty exists is a question of law, which appellate courts review de novo. *Larson v. Larson,* 373 N.W.2d 287, 289 (Minn.1985).

Appellants cite cases for the proposition that a manufacturer has a duty to warn against foreseeable dangers. But there is no duty to warn of obvious dangers. *Mix v. MTD Prods., Inc.,* 393 N.W.2d 18, 19 (Minn.App.1986). A condition is not "obvious" unless both the condition and the risk are apparent and would be recognized by a reasonable person exercising ordinary perception, intelligence, and judgment. Restatement (Second) of Torts § 343A, cmt. b (1965). The rationale behind the rule is that an individual does not need to be warned "of what he knows or reasonably may be expected to know." *Baber v. Dill,* 531 N.W.2d 493, 496 (Minn.1995) (quotation omitted).

Ferrellgas is a supplier of propane. It is undisputed that Ferrellgas did not manufacture, own, or service the heater or the venting involved in the fire that is the subject of this action. The heater at issue was over 30 years old, and was purchased at an auction. Moreover, it is undisputed that the heater was initially installed by

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

unqualified individuals, and shortly after it was connected to a propane tank, Jerome Miller, a family friend, and Kathleen Hatfield smelled gas. Because they smelled gas, Miller disconnected the heater from the propane tank, told Hatfield that the heater was dangerous, and instructed Hatfield to have the fire department or the gas company hook up the heater. Thus, the risk of operating the propane heater was obvious. *See Balder v. Haley,* 399 N.W.2d 77, 82 (Minn.1987) (stating that a verbal warning and the smell of gas should have made the danger obvious).

****2** Appellants argue that improper venting in a subsequent installation caused the fire, and that this danger is not open and obvious. But the danger concerning use of the heater was open and obvious. *See Balder,* 399 N.W.2d at 82. The very nature of propane gas, coupled with the earlier aborted installation because of the smell of gas and a verbal warning, makes the operation of the heater and risk of fire apparent such that a reasonable person exercising ordinary perception, intelligence, and judgment would recognize the risks. Therefore, we conclude that the district court did not err in determining that Ferrellgas, who did not own, operate, control, or service the used heater or know of the alleged deficiencies in its installation, owed no duty to warn appellants. *See Balder,* 399 N.W.2d at 81 (stating that no duty to warn exists where the connection between the alleged negligent act and the event causing the danger is too remote).

## II.

Appellants next argue that even if Ferrellgas did not have a duty to warn, it assumed a duty to warn by its actions. "It is a long-standing tenet of tort law that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all." *State by Humphrey v. Philip Morris, Inc.,* 551 N.W.2d 490, 493 (Minn.1996) (citations and quotation omitted). But assumption of duty only applies where it "leads others to rely on such assumption of duty and to refrain from taking other and more direct action to protect themselves...." *Abresch v. Northwestern Bell Tel. Co.,* 246 Minn. 408, 416, 75 N.W.2d 206, 211-12 (1956).

Appellants argue that Ferrellgas had policies in place to warn customers including placing warnings on the back of invoices and mailing out propane safety plans. Appellants contend that by taking action to warn, Ferrellgas now has a duty to warn in a nonnegligent manner. But Ferrellgas's warnings specifically stated that appliances should be serviced only by a qualified service technician and that the propane system and appliances should be inspected periodically by a qualified service technician. And appellants concede that if any of the warnings had been read and heeded, the incident would not have occurred. Additionally, there is no evidence that anyone in the residence read the warnings sent out by Ferrellgas and decided not to get further information on the dangers of propane. Thus, appellants offered no evidence indicating that anyone relied on respondent's warnings, or refrained from taking other and more direct action to protect themselves because of this reliance.

Because there is no evidence indicating a reliance on the allegedly defective warnings, the district court correctly concluded that respondent did not assume a duty to warn. *See Williams v. Harris,* 518 N.W.2d 864, 869 (Minn.App.1994) (holding that summary judgment is appropriate in assumption of duty cases where appellant failed to show reliance on respondent's conduct),*review denied* (Minn. Sept. 28, 1994). And because we affirm the district court's conclusion that respondent owed no duty to warn appellants, we do not reach the issue of whether the warnings were adequate.

## III.

****3.** Appellant Style, concerned that in dismissing appellants' action against Ferrellgas the district court made findings contrary to the interests of co-defendant Estate of Kathleen Hatfield, argues that the district court erred in determining, as a matter of law, that Hatfield had actual knowledge of the dangerous condition in her garage. But the district court did not determine that Hatfield had actual knowledge that the heater had been reconnected and posed a danger. Rather, the district court held that "... Ferrellgas had no duty to warn, and as such, the Plaintiff's claim that such warnings were inadequate fail as a matter of law."

The question of Hatfield's negligence, which was not directly at issue in Ferrellgas's motion for summary judgment, depends on whether Hatfield had actual knowledge of, or an opportunity to determine that, a dangerous condition existed at the time of the fire. *See Otto v. City of St. Paul,* 460 N.W.2d 359, 362 (Minn.App.1990). Because the district court did not make any determination as to whether Hatfield was aware, or should have been aware of a dangerous condition at the time of the fire, the district court's decision does not, for purposes of further proceedings, determine that Hatfield was negligent.

**Affirmed.**

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.