UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH EDWIN HARJU,

PLAINTIFF,

vs.

PHILIP MORRIS USA INC., R. J. REYNOLDS TOBACCO COMPANY, BROWN AND WILLIAMSON TOBACCO CORPORATION, B.A.T. INDUSTRIES P.L.C., BRITISH-AMERICAN TOBACCO COMPANY LIMITED, B.A.T. (U.K. AND EXPORTS) LIMITED, LORILLARD TOBACCO COMPANY, LIGGETT GROUP INC., THE COUNCIL FOR TOBACCO RESEARCH-U.S.A. INC., AND THE TOBACCO INSTITUTE, INC.,

DEFENDANTS.

Case No. CV 01-2336 (DWF/RLE)

ORAL ARGUMENT REQUESTED

**MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

There is no genuine issue of material fact as to plaintiff Joseph Harju's ("Mr. Harju's") two remaining claims – breach of special duty and conspiracy.[1]

Mr. Harju has admitted that he has no evidence that a duty was assumed or breached by any of the defendants in this case. As such, there is no genuine issue of material fact with respect to Mr. Harju's special duty claim. Similarly, Mr. Harju's conspiracy claim fails because there is no underlying tort to support that claim, and because he admits that he does not

[1] As this Court knows, Counts II, III, IV, V, VI, and VII of Mr. Harju's Complaint have already been dismissed. See Report & Recommendation, February 12, 2003, Docket Entry No. 37; Order, September 10, 2003, Docket Entry No. 51. Thus, the only remaining claims are an alleged special duty claim (Count I) and a conspiracy claim (unnumbered count).

have any evidence of a conspiracy among the defendants here. Accordingly, defendants respectfully request that this Court dismiss Mr. Harju's remaining claims with prejudice.[2]

## ARGUMENT

In its February 12, 2003 decision, this Court decided: "In order to state a special duty claim, the Plaintiff must plead the following: 1) that the Defendants undertook to act for the benefit or protection of the Plaintiff; 2) that the Defendants failed to do so; and 3) that the breach of the assumed duty either increased the risk of harm to the Plaintiff, or the Plaintiff suffered injury because of reliance on the Defendant's undertaking." See Docket Entry No. 37, February 12, 2003 Report & Recommendation, at 22. In this case, Mr. Harju admits that he does not have any evidence whatsoever to support that claim.

In its February 2003 decision, this Court also decided that plaintiff had sufficiently pled an "aiding and abetting claim" within the unnumbered conspiracy count. In its decision, the Court concluded:

> A claim for aiding and abetting the tortious conduct of another has the following three elements:
>
> (1) the primary tort-feasor must commit a tort that causes an injury to the plaintiff;
>
> (2) the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty; and
>
> (3) the defendant must substantially assist or encourage the primary tort-feasor in the achievement of the breach.

---

[2] Mr. Harju's remaining claims also independently fail for the reasons set forth in defendants' separate motion for summary judgment based on the expiration of the statute of limitations and the lack of proof of causation. See Docket Entry No. 96. In particular, the claims fail because (1) they fall outside the applicable six-year statute of limitations, see Minn. Stat. § 541.05; and (2) there is no genuine issue as to any material fact on the issue of causation because Mr. Harju has failed to submit expert reports to establish causation. This motion is being brought now, in part, in light of discovery that took place after the oral argument on the separate motion for summary judgment, and because the deadline for hearing dispositive motions in this case is November 1, 2004.

See Report & Recommendation, at 43. In this case, there is no underlying tort, and Mr. Harju admits that he does not have any evidence to support the claim.

**A. The Requests for Admission Served on Mr. Harju Should Be Deemed Admitted**

On July 30, 2004, defendants served by U.S. Mail their First Set of Requests for Admission to Plaintiff and an accompanying interrogatory and document request. See Affidavit of Paul B. Kohls ("Kohls Aff."), Exhs. A-C. Pursuant to the Federal Rules of Civil Procedure, Mr. Harju had until September 1, 2004, to respond to the Requests for Admission and other discovery requests. See Fed. R. Civ. P. 33(b), 34(b), 36(a). Mr. Harju, however, failed to respond to the Requests for Admission or other discovery by his deadline to do so. In fact, Mr. Harju has still not responded to the Requests for Admission or other discovery, and any untimely effort to do so now – over two and a half years after this case was filed, after the close of discovery, on the eve of the trial readiness date – would prejudice the defendants. As such, by operation of Rule 36, the Requests for Admission should be deemed admitted.[3]

[3] See Fed. R. Civ. P. 36(a). As this Court has observed, where, as here, a party has completely failed to respond to requests for admission, it is appropriate for a court to deem the matters addressed within the requests to have been admitted, "even so far as permitting the entry of Summary Judgment on matters deemed admitted …." White Consolidated Industries, Inc. v. Waterhouse, 158 F.R.D. 429, 432 n.4 (D. Minn. 1994) (citing Karras v. Karras, 16 F.3d 245, 247 (8th Cir. 1994); Luick v. Graybar Electric Co., Inc., 473 F.2d 1360, 1361 (8th Cir. 1973); Chicago, R.I. and P. R. v. Williams, 245 F.2d 397, 404 (8th Cir. 1957)). See also American Petro, Inc. v. Shurtleff, 159 F.R.D. 35, 37 (D. Minn. 1994) ("Undoubtedly, in an appropriate case, a total failure to respond to such requests will prejudice the requesting party"); Upchurch v. USTNET, Inc., 158 F.R.D. 157, 160-61 (D. Or. 1994) (holding that plaintiff's requests for admissions were automatically admitted when defendant did not respond to the requests for admissions until 14 days after the deadline for doing so had expired); Federal Trade Commission v. Medicor, LLC, 217 F. Supp.2d 1048, 1053 (C.D. Cal. 2002) (noting that failure to timely respond to requests for admissions results in automatic admission because Rule 36(a) is self-executing); Ekotek Site PRP Committee v. Self, 932 F. Supp. 1328, 1336-37 (D. Utah 1996) (holding that plaintiff's request for admissions was deemed to have been admitted because defendant failed to timely respond to it, even though the admission resulted in summary judgment being granted in favor of plaintiff).

**B. There is No Genuine Issue of Material Fact Regarding Mr. Harju's Special Duty Claim**

Mr. Harju does not have any evidence to support his special duty claim. Indeed, by operation of Rule 36, the following requests for admission should be deemed admitted by Mr. Harju:

> Request No. 1: Please admit that you have no evidence that any Defendant in this case undertook to act for the benefit of your protection or the protection of anyone else.
>
> Request No. 2: Please admit that you have no evidence that any Defendant in this case owed you a special duty of care that arose from a voluntary assumption of services, which that Defendant should have recognized as necessary for your protection.
>
> Request No. 3: Please admit that you have no evidence that any Defendant in this case breached any duty of care owed to you.
>
> Request No. 4: Please admit that you have no evidence that any Defendant in this case breached any special duty owed to you.
>
> Request No. 5: Please admit that you have no evidence that any Defendant in this case failed to exercise due care in the performance of a duty owed to you.
>
> Request No. 6: Please admit that you have no evidence that any Defendant in this case breached an assumed duty, which increased the risk of harm to you.
>
> Request No. 15: Please admit that you have no evidence that any conduct, act, or omission of any Defendant in this case caused any injury to you.

See Kohls Aff., Exh. A. See also Kohls Aff., Exh. D, Transcript from the Deposition of Joseph Harju, at 50 (Mr. Harju admits that he does not know of anyone that ever saw the Frank Statement to Cigarette Smokers.) These admissions, standing alone, are fatal to Mr. Harju's special duty claim because they establish that Mr. Harju does not have any evidence to support any element of the claim. See Williams v. Harris, 518 N.W.2d 864, 869 (Minn. Ct. App. 1994) (holding that summary judgment is proper in assumed duty cases in which plaintiff fails to show

reliance on defendant's conduct); Schomberg v. Ferrellgas, Inc., No. CX-01-911, 2004 WL 78010, at *2 (Minn. Ct. App., Jan. 20, 2004) (unpublished).[4] Accordingly, the special duty claim (Count I) should be dismissed with prejudice.

### C. There is No Genuine Issue of Material Fact Regarding Mr. Harju's Conspiracy Claim

#### 1. There is No Underlying Tort to Support the Conspiracy Claim

A conspiracy claim, or an aiding and abetting claim, must be based on an underlying tort. See Report & Recommendation, at 40-43. See also Harding v. Ohio Cas. Ins. Co., 230 Minn. 327, 337, 41 N.W.2d 818, 824-25 (1950). If there is no underlying tort, the conspiracy or aiding and abetting claim must fail. In this case, because the special duty claim fails, so too must the conspiracy or aiding and abetting claim.

#### 2. Mr. Harju Admits that He Has No Evidence of a Conspiracy

Mr. Harju has admitted that he does not have any evidence to support his conspiracy or aiding and abetting claim. Specifically, by operation of Rule 36, the following requests for admission should be deemed admitted:

> Request No. 7: Please admit that you have no evidence that any Defendant in this case conspired with any other person or entity for any purpose.
>
> Request No. 8: Please admit that you have no evidence that any Defendant in this case entered into an agreement with any other person or entity to commit a wrong against another.
>
> Request No. 9: Please admit that you have no evidence that any Defendant in this case combined with any other person or entity to accomplish an unlawful purpose or a lawful purpose by unlawful means.

---

[4] "[A]ssumption of duty only applies where it 'leads others to rely on such assumption of duty and to refrain from taking other and more direct action to protect themselves. . . .'" See Schomberg v. Ferrellgas, Inc., No. CX-01-911, 2004 WL 78010, at *2 (Minn. Ct. App., Jan. 20, 2004) (quoting Abresch v. Northwestern Bell Tel. Co., 246 Minn. 408, 416, 75 N.W.2d 206, 211-12 (1956)). Mr. Harju has no such evidence of reliance.

> Request No. 10: Please admit that you have no evidence that any Defendant in this case aided and abetted the tortious conduct of another.
>
> Request No. 11: Please admit that you have no evidence that any Defendant in this case knew that any alleged tortfeasor's conduct would constitute a breach of a duty owed to you.
>
> Request No. 12: Please admit that you have no evidence that any Defendant in this case assisted or encouraged any alleged tortfeasor in the achievement of a breach of a duty owed to you.
>
> Request No. 13: Please admit that you have no evidence that any Defendant in this case condoned the breach of any duty owed to you.
>
> Request No. 14: Please admit that you have no evidence that any Defendant in this case knew of any conduct on the part of another person or entity, which caused a breach of duty owed to you.

See Kohls Aff., Exh. A. These admissions, standing alone, are also fatal to Mr. Harju's conspiracy or aiding and abetting claim because they establish that Mr. Harju does not have any evidence to support any element of the claim. Accordingly, the conspiracy or aiding and abetting claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter summary judgment in defendants' favor and dismiss Mr. Harju's remaining claims with prejudice.

Respectfully submitted,

RIDER BENNETT, LLP

Dated: September 10, 2004

By s/Paul B. Kohls

Paul B. Kohls (295243)
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-8966

**Attorneys for Defendant Lorillard Tobacco Company**

and

Edward Magarian (208796)
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Minneapolis MN 55402-1498
(612) 340-2600

**Attorneys for Philip Morris USA Inc.**

and

Robert V. Atmore (003438)
Lindquist & Vennum P.L.L.P.
80 S 8th St Ste 4200
Minneapolis MN 55402-2205
(612) 371-3211

**Attorneys for Liggett Group, Inc.**

and

Jack M. Fribley (31999)
Faegre & Benson LLP
2200 Norwest Ctr
90 S 7th St
Minneapolis MN 55402-3901
(612) 766-7000

**Attorneys for Brown & Williamson Tobacco**

and

Christopher V. Cotton (*pro hac vice*)
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
(816) 474-6550

**Attorneys for Philip Morris USA Inc. and Lorillard Tobacco Company**

and

James Simonson (101333)
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Ctr
80 S 8th St
Minneapolis MN 55402
(612) 632-3000

**Attorneys for R.J. Reynolds Tobacco Company**