Original

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH EDWIN HARJU,<br><br>PLAINTIFF,<br><br>VS.<br><br>PHILIP MORRIS USA INC.; R. J. REYNOLDS TOBACCO COMPANY; BROWN AND WILLIAMSON TOBACCO CORPORATION; B.A.T. INDUSTRIES P.L.C.; BRITISH-AMERICAN TOBACCO COMPANY LIMITED; LORILLARD TOBACCO COMPANY; LIGGETT GROUP INC.; THE COUNCIL FOR TOBACCO RESEARCH-U.S.A. INC; AND THE TOBACCO INSTITUTE, INC.,<br><br>DEFENDANTS. | Case No. CV 01-2336 (DWF/RLE)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>**TELEPHONIC HEARING REQUESTED ON OCTOBER 28, 2004 TEL: 218-485-5027** |

TO: THE HONORABLE RAYMOND L. ERICKSON, UNITED STATES MAGISTRATE JUDGE, C/O CLERK OF THE COURT, UNITED STATES DISTRICT COURT, 412 U. S. COURTHOUSE, 515 W. 1ST STREET, DULUTH, MINNESOTA 55802-1397, and ATTORNEY EDWARD MAGARIAN ( 208796 ), DORSEY & WHITNEY LLP, 50 S. 6TH STREET, SUITE 1500, MINNEAPOLIS, MINNESOTA 55402-1498.

## RESPONSE

Plaintiff pro se Joseph Edwin Harju, pursuant to Rule 56, Federal Rules of Civil Procedure, hereby responds to the Defendants' Second Motion for Summary Judgment, as follows:

SCANNED
OCT 13 2004
U.S. DISTRICT COURT DULUTH

Plaintiff pro se Joseph Edwin Harju submits that he was taken into custody on Monday, August 2, 2004, by his Intensive Supervised Release Agent, Timothy Comrie, and therefore, Plaintiff never had an opportunity to read and review, much less respond to, Defendants' Requests for Admissions which allegedly were served on him by the Defendants on Friday, July 30, 2004. Plaintiff submits that those documents are with Plaintiff's personal property which remained in his residence on August 2, 2004, after Plaintiff was taken into custody on that date.

Plaintiff further submits that he no longer knows of the whereabouts of any of his personal property, including the Defendants' First Set of Requests for Admissions. Plaintiff, in any event, never had any opportunity to respond to Defense Requests for Admissions because of his being taken into custody on August 2, 2004, and deprived of the opportunity to respond to the Defendants' requests.

Plaintiff further submits that he is currently attempting to obtain evidence in the form of Tobacco Industry Trial Documents (trial exhibits, etc.!), and Plaintiff anticipates that he will be prepared to present sufficient evidence and documentation, at trial, to support his allegations against the Defendants in this case. Plaintiff can access and obtain evidence, in the form of tobacco industry documents, from the Minnesota Tobacco Documents Depository, provided that this Court would respectfully issue an order that Plaintiff obtain copies of those documents, which support his claims, at no cost or at Government expense? All of the evidence which supports this Plaintiff's allegations or claims against the Defendants in this case are available from the Minnesota Tobacco Documents Depository, at: 1021-10th Avenue, S.E., Hennepin Business Center, Minneapolis, Minnesota 55414, Tel: (651) 378-5707; (800) 526-8886; FAX: (651) 378-2796.

Finally, Plaintiff asserts that he denies any and all of the assertions made by the Defendants in their Second Motion for Summary Judgment and Plaintiff contends that the only reason he hasn't submitted any expert witnesses or other documents, etc., is due to Plaintiff's

extreme poverty and lack of knowledge in matters of law. Plaintiff pro se Joseph Edwin Harju contends that he must not be deprived of the opportunity to present his claims to a jury or to the Courts of this land merely because he lacks the financial and legal resources to do so. Merely being indigent and without the ability to afford legal Counsel to represent any Plaintiff must not justify depriving anyone in this Country of their right to have their grievances heard in the Courts of this land. Is Justice to be allotted only to those, such as the Defendants in this case, who have the financial and legal resources to afford it?

## CONCLUSION

Plaintiff asserts that he never had any reasonable opportunity to respond to the Defendants' First Set of Requests for Admissions because this Plaintiff was taken into custody on August 2, 2004, and was therefore deprived of his opportunity to read and review, and respond to, the Requests for Admissions which Defendants mailed to his residence on July 30, 2004. Wherefore, Plaintiff requests that the Defendants' Second Motion for Summary Judgment by denied by this Court.

RESPECTFULLY SUBMITTED this 8th day of October, 2004

By [signature]

Joseph Edwin Harju, Plaintiff pro se
O.I.D. # 205468
1000 Lakeshore Drive
Moose Lake, Minnesota 55767-9449

## CERTIFICATE OF MAILING

Plaintiff pro se Joseph Edwin Harju, hereby certifies and attests that on the 8th day of October, 2004, at MCF-Moose Lake, he deposited for mailing, by U. S. Mail, copies of the foregoing, as follows:

The original and one copy to:

Magistrate Judge Raymond L. Erickson
C/O Clerk of the Court
United States District Court
District of Minnesota
412 U. S. Courthouse
515 W. 1st Street
Duluth, Minnesota 55802-1397

One Copy to:

Attorney Edward Magarian (208796)
DORSEY & WHITNEY LLP
50 S. 6th Street, Suite 1500
Minneapolis, Minnesota 55402-1498

Counsel on Behalf of Defendants

Dated October 8, 2004

By [signature]
Joseph Edwin Harju, Plaintiff pro se
O.I.D. #205468
1000 Lakeshore Drive
Moose Lake, Minnesota 55767-9449