IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH EDWIN HARJU,<br><br>Plaintiff<br><br>v.<br><br>PHILIP MORRIS, INC.; R.J. REYNOLDS TOBACCO CO.; BROWN AND WILLIAMSON TOBACCO CORP.; B.A.T. INDUSTRIES, P.L.C.; BRITISH-AMERICAN TOBACCO CO., LIMITED; B.A.T. (U.K. AND EXPORTS) LIMITED; LORILLARD TOBACCO CO.; LIGGETT GROUP, INC.; THE COUNCIL FOR TOBACCO RESEARCH – U.S.A., INC.; AND THE TOBACCO INSTITUTE, INC.,<br><br>Defendants. | CIV NO. 01-2336 (DWF/RLE)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED ON OCTOBER 28, 2004** |

This case was filed in 2001, and has a trial readiness date of December 1, 2004. But plaintiff ("Mr. Harju") has no evidence whatsoever in support of any of his claims. Instead, Mr. Harju assures the Court that he is still "attempting to obtain evidence" and "anticipates that he will be prepared to present sufficient evidence and documentation, at trial, to support his allegations[.]" See Plaintiff's Response, at 2 (emphasis added). Mr. Harju's response misses the mark.

To survive summary judgment, Mr. Harju bears the burden of proving that there is a genuine issue of material fact. And he has not done so here. Indeed, Mr. Harju has not come forward with a single shred of evidence in support of any of his claims, and his deadline to do so has now come and gone. Accordingly, Mr. Harju's claims should be dismissed.[1]

[1] Mr. Harju's remaining claims also independently fail for the reasons set forth in defendants' separate motion for summary judgment based on the expiration of the statute of limitations and the lack of proof of causation. See Docket Entry No. 96. In particular, the claims fail because

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992); Medalen v. Tiger Drylac U.S.A., Inc., 269 F. Supp.2d 1118, 1121-22 (D. Minn. 2003); Conant v. City of Hibbing, 131 F. Supp.2d 1129, 1132-33 (D. Minn. 2000). Far from being a "disfavored procedural shortcut," summary judgment is a useful tool for disposing of insubstantial claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As noted by the Supreme Court in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.

In ruling on a motion for summary judgment, the court construes the record in the light most favorable to the non-moving party. See Brandt v. Davis, 191 F.3d 887, 891 (8th Cir. 1999). Nonetheless,

> [w]hen the moving party has carried its burden under Rule 56(c), . . . the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

---

(1) they fall outside the applicable six-year statute of limitations, see Minn. Stat. § 541.05; and (2) there is no genuine issue as to any material fact on the issue of causation because Mr. Harju has failed to submit expert reports to establish causation. This motion is brought at this time, in part, in light of discovery that took place after the oral argument on the separate motion for summary judgment, and because the deadline for hearing dispositive motions in this case is November 1, 2004.

See Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quotations and footnote omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (party opposing properly supported summary judgment motion may not rest upon pleading but must instead set forth specific facts that show that there is a genuine issue for trial). Mr. Harju's *pro se* status "does not alter either the substantive or procedural burdens he must carry to survive summary judgment." See Noland v. Commerce Mortgage Company, 122 F.3d 551, 553 (8th Cir. 1997).

**B. The Requests for Admission Served On Mr. Harju Should Be Deemed Admitted**

In his Response, Mr. Harju acknowledges that he received the discovery requests, including the Requests for Admission, served by defendants on July 30, 2004.[2] Mr. Harju argues, however, that he "never had an opportunity to respond to the Defense Requests for Admissions because of his being taken into custody on August 2, 2004[.]" See Plaintiff's Response, at 2. Mr. Harju explains that the discovery requests are with his "personal property which remained in his residence" after he was taken back into custody See id. He insists that, because he was taken into custody, he has been "deprived of the opportunity to respond to the Defendants' requests." See id. Mr. Harju's excuses cannot save his claims.

Mr. Harju received copies of defendants' discovery requests on two separate occasions. He first received them at his residence in Duluth when they were initially served at the end of July, and he later received them at the prison as an attachment to Defendants' Second Motion for

[2] On July 30, 2004, defendants properly served upon Mr. Harju requests for admission and an accompanying interrogatory and document request. See Exhs. A-C, accompanying defendants' opening brief.

Summary Judgment.[3] Mr. Harju has never responded to any of that discovery. And his deadline to do so expired long ago. Accordingly, the Requests for Admission should be deemed admitted, and defendants should be granted summary judgment. See Celotex, 477 U.S. at 322.

**C. Mr. Harju Acknowledges That He Does Not Have Sufficient Evidence To Support His Allegations**

Mr. Harju acknowledges in his Response that he is not prepared to present evidence to support his allegations, despite the fact that his lawsuit has been pending for nearly three years. See Plaintiff's Response, at 2 (plaintiff states he is still "attempting to obtain evidence"). Instead, Mr. Harju simply "anticipates that he will be prepared to present sufficient evidence and documentation, at trial, to support his allegations against Defendants in this case." See id. (emphasis). To defeat defendants' motion for summary judgment, Mr. Harju was required to come forward with more than just speculation that he might be prepared for trial. See Anderson, 477 U.S. 242 at 256. Indeed, he was required to come forward with specific facts showing that there is a genuine issue for trial. See Matsushita Elec. Ind. Co., 475 U.S. at 586-87. And he did not, and cannot, do that. Instead, Mr. Harju simply points to a document depository in Minneapolis, and invites the Court to issue an order that he obtain copies ("at no cost or at Government expense") of unidentified documents that are supposed to allegedly support his claims. The Federal Rules of Civil Procedure require much more than that.

Mr. Harju has not come forward with specific facts showing there is a genuine issue for trial. Accordingly, defendants are entitled to summary judgment.

---

[3] Defendants' Second Motion for Summary Judgment, with all its attachments, was initially mailed to Mr. Harju on September 10, 2004. That package was returned as unclaimed, presumably because Mr. Harju was back in prison and had not updated the Court or defendants with his new address. On September 30, 2004, after Mr. Harju informed the defendants of his new address at the prison in Moose Lake, the Second Motion for Summary Judgment, with all its attachments, was again sent to Mr. Harju.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court enter summary judgment in defendants' favor and dismiss Mr. Harju's remaining claims with prejudice.

Respectfully submitted,

RIDER BENNETT, LLP

Dated: October 15, 2004

By s/ John J. Wackman
John J. Wackman (251884)
Paul B. Kohls (295243)
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-8966

**Attorneys for Defendant Lorillard Tobacco Company**

and

Edward Magarian (208796)
Dorsey & Whitney LLP
50 S 6th St Ste 1500
Minneapolis MN 55402-1498
(612) 340-2600

**Attorneys for Philip Morris USA Inc.**

and

Robert V. Atmore (003438)
Lindquist & Vennum P.L.L.P.
80 S 8th St Ste 4200
Minneapolis MN 55402-2205
(612) 371-3211

**Attorneys for Liggett Group, Inc.**

and

Jack M. Fribley (31999)
Faegre & Benson LLP
2200 Norwest Ctr
90 S 7th St
Minneapolis MN 55402-3901
(612) 766-7000

**Attorneys for Brown & Williamson Tobacco**

and

Christopher V. Cotton (*pro hac vice*)
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd
Kansas City, MO 64108
(816) 474-6550

**Attorneys for Philip Morris USA Inc. and Lorillard Tobacco Company**

and

James Simonson (101333)
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Ctr
80 S 8th St
Minneapolis MN 55402
(612) 632-3000

**Attorneys for R.J. Reynolds Tobacco Company**