UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

JOSEPH EDWIN HARJU,

PLAINTIFF,

vs.

PHILIP MORRIS USA INC.; R. J. REYNOLDS TOBACCO COMPANY; BROWN AND WILLIAMSON TOBACCO CORPORATION; B.A.T. INDUSTRIES P.L.C.; BRITISH-AMERICAN TOBACCO COMPANY LIMITED; LORILLARD TOBACCO COMPANY; LIGGETT GROUP INC.; THE COUNCIL FOR TOBACCO RESEARCH-U.S.A. INC; AND THE TOBACCO INSTITUTE, INC.,

DEFENDANTS.

Case No. CV 01-2336 (DWF/RLE)

**PETITIONER'S WRITTEN OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION DATED FEBRUARY 8, 2005**
(DOCUMENT NUMBER 139)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TO: DONOVAN W. FRANK, UNITED STATES DISTRICT JUDGE, C/O CLERK OF THE COURT, OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT, DISTRICT OF MINNESOTA, 417 FEDERAL BUILDING, 515 W. FIRST STREET, DULUTH, MINNESOTA 55802-1397.

Petitioner Joseph Edwin Harju, pro se and in forma pauperis, pursuant to Local Rules 6(a), D.Minn. LR1.1(f), and D.Minn. LR72.2(c)(2), hereby submits his Written Objections to the Report And Recommendation issued in this case by United States Magistrate Judge Raymond L. Erickson on February 8, 2005, as follows:

## WRITTEN OBJECTIONS

**1. THE CAUSE OF PLAINTIFF'S INJURIES**

A. Petitioner objects to the Report And Recommendation issued by United States Magistrate Judge Raymond L. Erickson at Page Numbers 10 thru 15 because it constitutes an abuse of discretion in that it misses the point as to the cause of the Plaintiff's smoking related injuries and discounts the "expert opinion" of the United States Surgeon General as to the specific diseases caused by the consumption and exposure to tobacco products in human beings and, after all, Plaintiff is a human being susceptible to the same smoking caused diseases as other humans.

B. Plaintiff submits that it is the Defendants who maintained, in their pleadings filed in this case, that the health hazards of smoking their tobacco products (cigarettes), were "commonly" known for decades. Any reasonable ordinary layperson juror could review the Surgeon General's findings on the causality of specific diseases, such as chronic obstructive pulmonary disease (C.O.P.D.), heart disease, asthma, emphysema, etc., and apply those "expert" assertions to the smoking caused injuries that the Plaintiff complains of in the case at issue here.

C. Plaintiff has submitted "Expert Opinion" in the form of the United States Surgeon General's Report on Smoking and Health, specifically, on the issues of smoking causality and the Magistrate's Report And Recommendation is erroneous on this issue and misses the Point. Additionally, by admitting that "the health hazards associated with smoking cigarettes has been *commonly known* for decades", the Defendants admit that their cigarette products are harmful. Wherefore, an "ordinary layperson" juror could conclude that because the Plaintiff smoked the Defendants harmful cigarettes for the past 40 years, since 1961 when he was an eight-year old child, he was, in fact, injured by the Defendants harmful cigarettes. Plaintiff did not develop his emphysema, C.O.P.D., heart disease, etc., from breathing the air in Northern Michigan and

Minnesota. So much is now known about the hazards of cigarette smoking and the effects on human health that, for the ordinary layperson juror to conclude that Plaintiff's injuries were caused by his having heavily smoked the Defendants hazardous cigarettes for the past 40 years, is not a very difficult task requiring complex questions beyond the understanding of the average person in today's health conscious society. In fact, Plaintiff submits that if Polled, most common "lay persons" today could tell you the names of most of the common diseases are the are caused by the Defendants harmful tobacco products. The Magistrate's conclusion that Plaintiff's specific medical injuries require expert opinion because they are beyond the understanding of the ordinary layperson is misplaced in that, today's ordinary layperson knows far more about the specific medical injuries that smoking the Defendants harmful cigarettes cause than was "commonly known" decades ago.

## 2. APPOINTMENT OF LEGAL COUNSEL

A. Plaintiff submits that he has repeatedly urged this Court to appoint legal Counsel to represent him in this complex and costly legal case. This Court has repeatedly declined to appoint legal counsel to represent this *indigent* pro se Plaintiff in spite of the fact that, for the largest percentage of the time this matter has been at issue before this Court, Plaintiff has been incarcerated and his access to the materials and other resources required to assist him in preparing his case for trial has been extremely limited if not non-existent. Appointment of legal Counsel at some point shortly after Plaintiff had filed the Complaint in this case would have facilitated the expert opinion and evidence, which is now not available to the Plaintiff.

B. Plaintiff never had any opportunity, due to having been incarcerated for a vast majority of the time this case has been before this Court, to present his medical records, medical treatises, or by deposing, or examining as adverse witnesses, the Defendant's doctor's.

The Magistrate's conclusion on this point fails to take this factor into consideration and amounts to prejudicial conclusions against this severely disadvantaged *indigent* pro se Plaintiff. The Magistrate notes that "a district court has no authority to appoint an expert witness." (Doc.No.139, at 13.). However, had the Court appointed legal Counsel to represent the Plaintiff, it is presumed that appointed Counsel would have assessed the need for "expert opinion" and obtained the same. It may be significant to note that Defendants have never filed any motion in opposition to the appointment of any "expert witnesses" in this case.

C. The Magistrate notes, (Doc.139, at 14.), "In the usual case, where the merits of a plaintiff's claim, and its correlative likelihood of success warrant it, *a retained attorney would advance funds for the retention of expert opinion evidence.* Here, however, the Plaintiff appears to have been unable to retain legal counsel to represent him on his claims against the Defendants." So, by the standard that the Magistrate applies here, because Plaintiff is indigent and cannot obtain legal counsel, he cannot have his day in court? What then are the meaning and value of the words etched in Stone on the United States Supreme Court: ***"Equal Justice Under Law."*** Is there any truth to these words? Or, are they just meaningless ornamentations?

D. The Magistrate further erroneously states, "The Plaintiff has neither produced an expert witness, or formally moved for the appointment of one, nor has he brought forth any other evidence, which might establish the causation of his specific injuries, through other means, such as by his medical records. Further, we decline to appoint an expert, pursuant to Rule 706, where, as here, the Plaintiff not shown any attempts to procure his own expert, he has never submitted any medical records, and he has never formally moved for the appointment of an expert, pursuant to Rule 706." (Doc.No.139, at 14-15.). On the contrary, Plaintiff submitted expert opinion by way of the 2004 United States Surgeon General's Report on Smoking Causation and Human Health. Additionally, this "indigent" Plaintiff did not possess the

financial ability to produce his medical records or other documentation essential to his case because this "indigent" Plaintiff had no funds available to accomplish any of the actions, which the Magistrate insists that he must have done before this Court would appoint his legal Counsel or any expert witness. Plaintiff is and was, throughout this action, totally indigent and, in fact, it has taken this Plaintiff more than three years to even pay the $150.00. Filing fee in this case from his inmate wages, which is just now being paid in full.

**3. Plaintiff's Medical Records**

E. Plaintiff submits that he would have been able to produce his medical records and other documents and evidence to support his claims if he would have had the financial ability to do so. Plaintiff was barely able to afford the cost of a postage stamp and did not possess the necessary funds to produce medical records or any other supportive documents in this case. Because this pro se Plaintiff is "indigent" and totally without financial resources, does this mean, he cannot have his day in Court? "Equal Justice Under Law? You tell me. Plaintiff asserts that, had this Court appointed legal Counsel to represent this *indigent* Plaintiff, Counsel would have been able to determine the need for expert witnesses and to properly conduct discovery and any other process necessary to prepare this case for jury trial. Unfortunately, that did not happen in this case. Plaintiff submits the attached copies of his medical records, which were previously provided to him by the Defendants, for the Court's review and submits that this Court has the authority to appoint him with legal Counsel or an expert witness in the Court's discretion as the Court deems appropriate. The attached copies of Plaintiff's medical records have been given the following Bates numbers by Defense Counsel; Bates Numbers: 201237.287.0001; 201237.287.0002; 201237.287.0003; 201237.004.0239; 201237.004.0240; 201237.287.0028; 201237.004.0226; 201237.004.0227; 201237.004.0228; 201237.287.0009; 201237.287.0020; 201237.287.0011; 201237.287.0020; 201237.287.0021;

and 201237.287.0022. Petitioner further submits that these documents are, and have been, in Defendants possession for quite some time and indigent Petitioner cannot afford the cost of providing additional copies of the aforementioned medical records attached with the Defendants Copy of Plaintiff's Objections to the Magistrate's Report And Recommendation. Defendants are already in possession of copies of the Plaintiff's medical records, which are attached hereto the original copy of this pleading.

## **Conclusion**

Plaintiff submits that the Magistrate's Report And Recommendation is misplaced in its failure to take into account the fact that this Plaintiff is totally *indigent,* and unable to sustain the expenses involved in the actions, which the Magistrate suggests that the Plaintiff was required to have undertaken in order that this Court would appoint him with an expert witness or legal Counsel.

Plaintiff asserts that for all of the foregoing reasons, as well as the interests of justice, the Magistrate's Report And Recommendation must not be adopted by this Court. Wherefore, the Plaintiff respectfully requests that the Defendants Motions for Summary Judgment be denied and that this Court find that the Magistrate's Report And Recommendation is misplaced and that this Court modify the Magistrate's Report And Recommendation and Order that legal Counsel by appointed to represent this indigent Plaintiff in the interests of justice so that the words *"Equal Justice Under Law"* have their full meaning in the courts of this nation.

RESPECTFULLY SUBMITTED this 24th day of FEBRUARY, 2005.

BY Joseph Edwin Harju
Joseph Edwin Harju, Plaintiff pro se
O.I.D. #205468
1000 Lakeshore Drive
Moose Lake, Minnesota 55767-9449