IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH EDWIN HARJU,<br><br>Plaintiff<br><br>vs.<br><br>PHILIP MORRIS, INC.; R.J. REYNOLDS TOBACCO CO.; BROWN AND WILLIAMSON TOBACCO CORP.; B.A.T. INDUSTRIES, P.L.C.; BRITISH-AMERICAN TOBACCO CO., LIMITED; B.A.T. (U.K. AND EXPORTS) LIMITED; LORILLARD TOBACCO CO.; LIGGETT GROUP, INC.; THE COUNCIL FOR TOBACCO RESEARCH – U.S.A., INC.; AND THE TOBACCO INSTITUTE, INC.,<br><br>Defendants. | CIV NO. 01-2336 (DWF/RLE)<br><br>**DEFENDANTS' RESPONSE TO PETITIONER'S WRITTEN OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION DATED FEBRUARY 8, 2005** |

## INTRODUCTION

There is no genuine issue of material fact in this case. As such, Magistrate Judge Erickson correctly recommended the dismissal of the case in his February 8, 2005 Report and Recommendation ("Recommendation").

Plaintiff Joseph Edwin Harju ("Mr. Harju"), a prisoner at the Moose Lake Correctional Facility, objects to Magistrate Erickson's Recommendation. Mr. Harju argues that Magistrate Erickson's Recommendation "misses the point" and "is misplaced[.]" See Petitioner's Objections to Magistrate Judge's Report & Recommendation ("Pltf.'s Obj."), at 2-3. Mr. Harju, however, is mistaken. Indeed, Magistrate Erickson correctly recognized that Mr. Harju "failed to establish the essential element of causation." See Recommendation, at 15. Furthermore, even if Mr. Harju had evidence of causation (which he does not have), Mr. Harju's claims would nonetheless fail because they are barred by the applicable statute of limitations and

because he has admitted, by operation of Rule 36, that he does not have evidence to support the claims at issue here. Accordingly, Mr. Harju's claims should be dismissed.

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992); Medalen v. Tiger Drylac U.S.A., Inc., 269 F. Supp.2d 1118, 1121-22 (D. Minn. 2003); Conant v. City of Hibbing, 131 F. Supp.2d 1129, 1132-33 (D. Minn. 2000). Far from being a "disfavored procedural shortcut," summary judgment is a useful tool for disposing of insubstantial claims. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). As noted by the Supreme Court in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex, 477 U.S. at 322.

In ruling on a motion for summary judgment, the court construes the record in the light most favorable to the non-moving party. See Brandt v. Davis, 191 F.3d 887, 891 (8th Cir. 1999). Nonetheless,

> [w]hen the moving party has carried its burden under Rule 56(c), . . . the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.

See Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (quotations and footnote omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (party opposing properly supported summary judgment motion may not rest upon pleading but must

instead set forth specific facts that show that there is a genuine issue for trial). Mr. Harju's *pro se* status "does not alter either the substantive or procedural burdens he must carry to survive summary judgment." See Noland v. Commerce Mortgage Company, 122 F.3d 551, 553 (8th Cir. 1997).

**B. Magistrate Erickson Correctly Recognized that Mr. Harju's Claims Fail Because He Lacks the Required Proof of Causation.**

Magistrate Erickson correctly recognized that the specific medical injuries which are at issue here require expert opinion evidence, because the cause of Mr. Harju's alleged illnesses is beyond the knowledge of the ordinary layperson. See Recommendation, at 11. Indeed, expert testimony is required under Minnesota law to prove causation when the case involves complex medical factors that are outside the realm of the average juror's knowledge. See Gross v. Victoria Station Farms, Inc., 578 N.W.2d 757 (Minn. 1998). This Court has recognized:

> Under Minnesota law, "Where the question involves obscure and abstruse medical factors such that the ordinary layman cannot reasonably possess well-founded knowledge of the matter ... there must be expert testimony that the thing alleged to have caused the result not only might have done so, but in fact did cause it."

See Willert v. Ortho Pharmaceutical Corp., 995 F. Supp. 979, 983 (D. Minn. 1998) (citation omitted); see also Bernloehr v. Central Livestock Order Buying Co., 208 N.W.2d 753, 755 (Minn. 1973).

In this case, Mr. Harju seeks to recover for a number of specific medical conditions, including: asthma, emphysema, COPD, chronic bronchitis, chronic sinusitis, irregular heart beat, restricted blood circulation, premature aging, reduced life expectancy and quality of life, and memory loss. See Complaint, at 5. Mr. Harju has the burden to prove that he, in fact, has these injuries and that Defendants' products caused the injuries. Importantly though, to

establish liability, Mr. Harju is required to go beyond diagnosis to the more precise inquiry of what caused his alleged illnesses, normally the subject of a hotly contested matter, supported by expert witness testimony. Both of these inquiries involve complex medical and scientific determinations. Establishing the cause of these alleged medical conditions would necessarily involve a complex, multi-factored assessment of risk factors that can only be made by expert medical witnesses. In this case, there is no such evidence of a differential diagnosis, in medical records or any other source.[1] Accordingly, Mr. Harju cannot establish causation in this case without expert testimony.

In his Objections, Mr. Harju argues that the findings of the United States Surgeon General regarding the health risks associated with cigarette smoking should be sufficient to satisfy his burden of proof. Mr. Harju misses the mark. While the Surgeon General's Report discusses a general causal connection between cigarette smoking and certain diseases, it most assuredly does not constitute evidence (expert or otherwise) that (1) Mr. Harju has the injuries he claims, or (2) cigarettes actually and specifically caused any of Mr. Harju's alleged injuries.[2] In

[1] See generally Docket Entry No. 97, Docherty Aff., Exhibit 16 (Dorland's Illustrated Medical Dictionary, 28th edition. Philadelphia: WB Sanders Company; 1994) (indicating that asthma can be provoked by allergies and by "a variety of factors, including vigorous exercise, irritant particles, psychologic stresses, and others"); Docherty Aff., Exhibit 17 (Higgins, I. T., "Epidemiology of bronchitis and emphysema" Fishman's Pulmonary Diseases and Disorders 2nd Ed., Jeffers, J.D., Navrozov, M., Eds., 2 (76): 1237-1246; 1988) (indicating that emphysema, COPD, and chronic bronchitis can be caused by a number of different factors, including smoking, air pollution, indoor pollution, occupational exposures, heredity, infection, and miscellaneous other factors); Docherty Aff., Exhibit 18 (Hopkins, P.N., Williams, R.R., "A Survey of 246 Suggested Coronary Risk Factors" Atherosclerosis 40: 1-52; 1981) (indicating that there are 246 risk factors for irregular heart rate, vascular disease, and heart disease); Docherty Aff., Exhibit 19 (Settipane, R.A., and Lieberman, P., "Update on Nonallergic Rhinitis," Ann Allergy Asthma Immunol 86: 494-508, 2001) (indicating that chronic sinusitis can be caused by exposure to tobacco smoke, pollution, paint fumes, garden sprays, formaldehyde, sulfur dioxide, and ozone, among other irritants and allergens).

[2] See Medalen v. Tiger Drylac U.S.A., Inc., 269 F. Supp.2d 1118, 1136 (D. Minn. 2003) ("As we have previously detailed, in Turner, the Court of Appeals affirmed the District Court's exclusion of a treating physician's causation opinion, as the doctor had 'acknowledged that the differential diagnosis he performed was for the purpose of identifying [the plaintiff's] condition, not its

fact, the medical records attached by Mr. Harju to his objections underscore this very point. Although noting that he used tobacco at one point and that he has a lawsuit pending against the tobacco companies, the records are utterly devoid of any suggestion that tobacco use was a cause of Mr. Harju's problems, and, if anything suggest a number of alternative potential causes of his symptoms including, for example, prior alcohol abuse and family history of stroke, heart disease and other conditions. Accordingly, Magistrate Erickson correctly recognized that Mr. Harju has "failed to establish the essential element of causation" and correctly recommended the dismissal of this case.

**C. Mr. Harju's Claims Also Independently Fail Because They Are Barred by the Statute of Limitations and Because He Has Admitted That He Does Not Have Evidence to Support His Claims.**

Because Mr. Harju failed to establish the essential element of causation, Magistrate Erickson did not need to address the statute of limitations bar here or the admissions made by Mr. Harju that he does not have evidence to support his claims.[3] Nonetheless, defendants respectfully note that Mr. Harju's claims independently fail for these additional reasons as set forth in Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment Based on the Expiration of the Statute of Limitations and Lack of Proof of Causation.[4]

---

cause,' and further 'admitted that he made no attempt to consider all the possible causes until only one remained, or to consider which of two or more non-excludable causes was the more likely to have caused the condition.'").

[3] See Recommendation, at 9 ("[S]ince we find that the Plaintiff's remaining claims fail, as a matter of law, because he has not established causation, through expert testimony, we need not consider the Defendants' other arguments[.]").

[4] The standard for the accrual of the statute of limitations is different than the burden of proof that Mr. Harju bears to establish that the products at issue actually caused his alleged injuries.

## CONCLUSION

Defendants respectfully request that the Court adopt Magistrate Erickson's Recommendation and dismiss Mr. Harju's remaining claims with prejudice.

Respectfully submitted,

DORSEY & WHITNEY LLP

By: s/ Edward B. Magarian
Edward B. Magarian (#208796)
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
(612) 340-7873

ATTORNEYS FOR PHILIP MORRIS USA INC.

John J. Wackman (#251884)
Rider Bennett, LLP
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-8966

ATTORNEYS FOR DEFENDANT LORILLARD TOBACCO COMPANY

Jack M. Fribley (#31999)
Faegre & Benson LLP
2200 Norwest Center
90 South 7th Street
Minneapolis, MN 55402
(612) 766-7000

ATTORNEYS FOR BROWN & WILLIAMSON TOBACCO

Christopher V. Cotton (pro hac vice)
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550

ATTORNEYS FOR PHILIP MORRIS USA INC. AND LORILLARD TOBACCO COMPANY

James Simonson (#101333)
Gray Plant Mooty Mooty & Bennett, P.A.
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 632-3000

ATTORNEYS FOR R.J. REYNOLDS TOBACCO COMPANY

Robert V. Atmore (#003438)
Lindquist & Vennum P.L.L.P.
80 South 8th Street, Suite 4200
Minneapolis, MN 55402
(612) 371-3211

ATTORNEYS FOR LIGGETT GROUP, INC.