**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Joseph Edwin Harju,

Plaintiff,

v.

Philip Morris Inc, being sued as Philip Morris Incorporated; R.J. Reynolds Tobacco, being sued as R.J. Reynolds Tobacco Company; Brown and Williamson Tobacco Corporation; B.A.T. Industries, P.L.C.; British-American Tobacco Company Limited; B.A.T. (U.K. and Exports) Limited; Lorillard Tobacco Co; and Liggett Group, Inc.,

Defendants.

Civil No. 01-2336 (DWF/RLE)

**ORDER AND MEMORANDUM**

---

Joseph Edwin Harju, *Pro Se*, Plaintiff.

Charles H. Cooper, Esq., Christopher V. Cotton, Esq., and Mark A Dover, Esq., Shook Hardy & Bacon LLP - KC; Edward Brian Magarian, Esq., and Randall R. Frykberg, Esq., Dorsey & Whitney, on behalf of Defendant Philip Morris, Inc.

James S. Simonson, Esq., Gray Plant Mooty Mooty & Bennett - Mpls; Joann A. Waters, Esq., and Robert S. Pierce, Esq., Womble Carlyle Sandridge & Rice, on behalf of Defendant R.J. Reynolds Tobacco.

Jack Michael Fribley, Esq., Faegre & Benson - Mpls, on behalf of Defendant Brown & Williamson Tobacco Corporation.

Charles H. Cooper, Esq., Christopher V. Cotton, Esq., and Mark A Dover, Esq., Shook Hardy & Bacon LLP - KC; John J. Wackman, Esq., Rider Bennett LLP; Michael R. Docherty, Esq., Attorney

at Law, PLLC; and Paul B. Kohls, Esq., Law Firm Unknown, on behalf of Defendant Lorillard Tobacco Co.

Reuben A. Mjaanes, Esq., and Robert V. Atmore, Esq., Lindquist & Vennum PLLP, on behalf of Defendant Liggett Group, Inc.

---

The above-entitled matter came before the undersigned United States District Judge pursuant to Plaintiff Joseph Edwin Harju's self-styled objections to Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") dated February 8, 2005, recommending that: (1) Defendants' First Motion for Summary Judgment [Doc. No. 94] be granted; and (2) Defendants' Second Motion for Summary Judgment [Doc. No. 123] be denied as moot. Plaintiff objects to the R&R insofar as it: (1) fails to recognize the causes of Plaintiff's smoking-related injuries; (2) discounts the "expert opinion" of the United States Surgeon General as to the specific diseases caused by tobacco products; and (3) declines to appoint legal counsel to represent Plaintiff. Defendants oppose Plaintiff's objections.

The factual background of this matter is set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections. The Court has conducted a *de novo* review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based upon the Court's review of the record and the Court having reviewed the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court adopts the R&R of the Magistrate Judge.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Raymond L. Erickson's Report and Recommendation dated February 8, 2005 [Doc. No. 139] is **ADOPTED**.

2. Defendants' First Motion for Summary Judgment Based on the Expiration of the Statute of Limitations and the Lack of Proof of Causation [Doc. No. 94] is **GRANTED**.

3. Defendants' Second Motion for Summary Judgment [Doc. No. 123] is **DENIED AS MOOT**.

Dated: April 13, 2005

s/Donovan W. Frank
DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

A district court must make an independent, *de novo* evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.1(c)(2).

The Court agrees with the Magistrate Judge's conclusion that because the cause of Plaintiff's medical conditions is beyond the knowledge of an ordinary layperson, expert opinion evidence is required to determine the causation issue. (R&R at 11 (citing *Goeb v. Tharaldson*, 615 N.W.2d 800, 816-17 (Minn. 2000); *Willert v. Ortho Pharmaceutical Corp.*, 995 F. Supp. 979, 983 (D. Minn. 1998); *In re Baycol Products Litig.*, 321 F. Supp. 2d 1118, 1126 (D. Minn. 2004).) The Magistrate Judge properly found that the 2004 United States Surgeon General's Report on the effects of cigarette smoking proffered by Plaintiff may discuss a connection between smoking and certain diseases, but it does not address whether Plaintiff's illnesses were caused by smoking. (R&R at 11.) The medical

records submitted by Plaintiff with his objections point to various bronchial and cardiovascular conditions, among other medical problems, but do not discuss a causation between Plaintiff's problems and smoking.

Finally, the Court agrees with the Magistrate Judge's reasoning in his determination to deny court appointment of an expert. (February 8, 2005, Order at 13-15.) Moreover, the Court finds that, to the extent that Plaintiff has renewed his request for appointment of counsel in his objections, the Magistrate Judge appropriately denied such appointment, as delineated in the Magistrate Judge's orders dated July 15, 2002 [Doc. No. 27]; May 13, 2003 [Doc. No. 48]; and November 26, 2003 [Doc. No. 69].

D.W.F.